McCORRISTON MILLER MUKAI MacKINNON LLP
WILLIAM C. McCORRISTON          #995
KENNETH J. MANSFIELD            #7227
mccorriston@m4law.com; mansfield@m4law.com
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone:  (808) 529-7300; Facsimile:  (808) 524-8293

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
GREGORY L. CURTNER *(pro hac vice)*
ROBERT J. WIERENGA *(pro hac vice)*
ATLEEN KAUR *(pro hac vice)*
curtner@millercanfield.com; wierenga@millercanfield.com
kaur@millercanfield.com
101 North Main Street, 7th Floor
Ann Arbor, MI  48104-1400
Telephone: (734) 663-2445; Facsimile: (734) 663-8624

Attorneys for Defendant
THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALOHA SPORTS INC., a Hawaii corporation, | ) ) ) | CIVIL NO. CV04-000204 DAE/KSC |
| Plaintiff, | ) ) ) | DEFENDANT NCAA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SEPARATE TRIAL UNDER FRCP 42(B) OR, IN THE ALTERNATIVE, TO EXTEND SCHEDULING, FILED MARCH 31, 2006; DECLARATION OF KENNETH J. MANSFIELD; EXHIBITS "A" – "B"; CERTIFICATE OF SERVICE |
| vs. | ) ) ) ) | |
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, | ) ) ) ) | |
| Defendant. | ) ) ) ) | HEARING
Date:  May 18, 2006
Time:  9:30 a.m.
Judge:  Hon. Kevin S.C. Chang |
| | | TRIAL: October 3, 2006 |

**DEFENDANT NCAA'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SEPARATE
TRIAL UNDER FRCP 42(B) OR, IN THE ALTERNATIVE, TO
EXTEND SCHEDULING, FILED MARCH 31, 2006**

Plaintiff Aloha Sports Inc.'s ("ASI") motion is a mere reiteration of its unsupported allegations from the First Amended Complaint ("Complaint"). ASI provides no legitimate reason why bifurcation is appropriate. Instead bifurcation would waste resources and duplicate the presentation of evidence in a court far-removed from the defendant's office.

In reality, ASI's motion is no more than a tardy attempt to modify this Court's Scheduling Order, entered by agreement on June 9, 2005 pursuant to Fed. R. Civ. P. 16. ASI neglects to disclose that the Scheduling Order required it to disclose its expert and provide an expert report by April 3, 2006. Unprepared to meet that deadline because it has failed to pursue its claims diligently, ASI filed this last minute motion on March 31, 2006.

I.    BIFURCATION OF THE TRIAL IS NOT APPROPRIATE

Federal R. Civ. P. 42(b) provides: "The court, in furtherance of convenience or to **avoid prejudice or when separate trials will be conducive to expedition and economy** may order a separate trial of any claim …." (emphasis added). ASI has failed to carry its burden to demonstrate how a separate trial will expedite resolution of its claims or be economical. See UMG Recordings, Inc. v. Norwalk Distributors, Inc., Civ. No. SACV 02-1188 DOC, 2003 U.S. Dist. Lexis 26304, *4

137181.1

(C.D. Cal. July 2, 2003) ("The party seeking bifurcation has the burden of proving that the facts of the case warrant bifurcating certain issues.").   Moreover, a bifurcated trial will be prejudicial to the NCAA because the NCAA has diligently proceeded with discovery and preparation for trial of all the claims.

ASI has categorized its claims under four headings in its motion: Antitrust and Hawaii Unfair Trade Practices Claims, Breach of Contract (Seattle Bowl), Breach of Contract (Aloha Bowl), and Tortious Interference.[1]  ASI now asks that its "Seattle Bowl claims" be bifurcated and adjudicated first and in a separate trial from its antitrust claims.[2]  The central issue in this entire case is whether the NCAA acted properly under its rules in denying ASI's application for certification of the Seattle Bowl in 2003 based on ASI's undisputed violations of those rules in prior years.   ASI's disastrous operations of its bowl games and exploitation of participating teams are equally central to the tort, contract and antitrust claims. ASI has failed to explain how the contract and antitrust claims can be tried separately without bringing out the same history of the operation of ASI's Bowl

---

[1] See ASI's Motion for Separate Trial or, in the alternative, to Extend Scheduling, filed March 31, 2006 (hereafter referred to as "ASI's Motion") at 4-6.  Although it is unclear from ASI's Motion, the NCAA is presuming that by its "Seattle Bowl claims" ASI is referring to its breach of contract claim with respect to the Seattle Bowl and the tort claim.

[2] ASI Motion at 7.  By asking for adjudication of its "Seattle Bowl claims" apart from its "antitrust claims," ASI is apparently abandoning its breach of contract claims with respect to the Aloha Bowl.

Games and of the dealings between the parties. All of that evidence would have to be duplicated for the tort, contract and antitrust trials.

ASI's only stated basis for its motion is its assertion that during the settlement conference it was suggested that the parties focus on the tort claim. While Magistrate Judge Chang suggested, apparently in response to ASI's overtures, that the parties might be able to settle this matter by focusing on the tort claim, there was no agreement among the parties that the litigation would focus only on the tort claim. ASI concedes that the NCAA did not agree to focus discovery on the tort claim.[3] Furthermore, unless it is waiving its contract theory, ASI is conflating the tort claim with its "Seattle Bowl claims." The Seattle Bowl claims as stated in the motion encompass both contract and tort claims, which will require a full reconstruction of the history of the parties' dealings at a trial.

> The decision as to whether to bifurcate a trial rests with the sound discretion of the trial court. Motions to bifurcate are to be granted on a case by case basis *only* when the separation will result in judicial economy and will not unduly prejudice any party. Factors to be considered when ruling on a Rule 42(b) motion include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery and the possibility that the first trial may be dispositive of the case.

Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 865-66 (C.D. Cal. 1994) (internal citations and quotations omitted) (emphasis added). All of the above

---

[3] ASI Motion at 7.

factors weigh against bifurcating this case.  The issues are not so complex as to preclude one trial.    In fact, claims and defenses overlap significantly, nearly completely, for various theories.    The jury will not be able to understand the NCAA's decision to decline certification to ASI's 2003 Seattle Bowl without the full context of the history of ASI's operation and the teams' experiences at ASI's bowls.    The same history would have to be repeated for an antitrust trial, causing an immense waste of resources.    The risk of jury confusion is greater if the two issues are separated because one provides the context for the other.    See, e.g., Miller v. Fairchild, 885 F.2d 498, 511 (9th Cir. 1989) (remanding with direction to trial court to reconsider its decision to bifurcate where the issues were so intertwined that bifurcation would "tend to create confusion and uncertainty.") (internal quotation omitted).

There is greater economy in the little remaining discovery if the antitrust and tort claims are tried together because the same witnesses from ASI and the NCAA possess knowledge about all the claims.    It would be a waste of resources to schedule two depositions of the same persons.  There is "little reason to engage in such duplication where the complexity of the case does not so warrant."  UMG Recordings, 2003 U.S. Dist. Lexis 26304 at *6.  Two trials would involve the same witnesses from ASI and the NCAA such that the testimony regarding the two issues would be so overlapping that it would be "difficult to limit the testimony of

witnesses to each claim separation.  Thus judicial economy militates in favor of a unified trial." Bloxham v. Mountain West Farm Bureau Mutual Life Ins. Co., 43 F. Supp. 2d 1121, 1129 (D. Mo. 1999); see also May Dept. Stores Co. v. S/S Alva Maersk, No. 1 77 Civ. 124 (CHT), 1980 U.S. Dist. Lexis 9510, *6-7 (S.D.N.Y. November 12, 1980) (rejecting request for bifurcation when evidence would overlap and some of the same witnesses would have to testify in both proceedings). The additional costs of bifurcating the trial when the witnesses on all issues are the same are compounded by the cost and time of travel of a number of individuals, including lawyers and witnesses, from the mainland to Hawaii for two separate trials.  See, e.g., THK America, Inc. v. NSK Co., Ltd., 151 F.R.D. 625, 632-33 (N.D. Ill. 1993) (costs of transporting witnesses and lawyers and burden on limited resources of trial court were too substantial to permit bifurcation).

"The party seeking bifurcation has the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." Lowe v. Philadelphia Newspapers, Inc., 594 F. Supp. 123, 125 (E.D. Pa. 1984).  ASI has not met this significant burden. At most, ASI has cited its own delay in pursuing discovery as a cause for bifurcating the trial.  The NCAA in good faith has proceeded with discovery on all of the claims and it would be prejudiced if ASI is allowed to circumvent its obligations and create additional time and cost demands on the NCAA by delaying

its own discovery efforts.  It is no excuse for a plaintiff to claim that it will have to expend resources to litigate the very claims that it has brought, knowing full well that prosecuting its chosen claims would require extensive discovery.  Although ASI claims that need for depositions may be eliminated if the trial is bifurcated,[4] it does not explain how.  The adjudication of the tort claim will not necessarily result in final adjudication of the antitrust claims.  ASI should have taken discovery to prosecute its antitrust claim.  ASI should not be permitted to require the NCAA to defend itself twice simply because it doesn't want to carry its burdens on its own case.

## II.    ASI SHOULD NOT BE PERMITTED TO MODIFY THIS COURT'S SCHEDULING ORDER

ASI disregarded its obligations under the current Scheduling Order by failing to provide an expert report by April 3, 2006.  ASI did not seek a stipulation or timely move the Court to extend the deadline.[5]  Having failed to meet its deadline, ASI now seeks to have the Scheduling Order modified, after the fact, to accommodate its dilettante behavior.  However, Rule 16(b) of the Federal Rules of

---

[4] ASI Motion at 8.

[5] ASI's counsel contacted the NCAA's counsel via e-mail on March 9, 2006 inquiring whether the NCAA would stipulate to a bifurcation of the trial.  In the same e-mail, ASI's counsel informed the NCAA's counsel that if the NCAA did not agree to bifurcate the trial then ASI would move the court to extend the schedule. This e-mail did not seek the NCAA's stipulation or consent to extend the schedule. The NCAA did not agree to bifurcate the trial.  The NCAA has cooperated fully with ASI on scheduling discovery.

Civil Procedure unequivocally provides that the Scheduling Order "shall not be modified *except upon a showing of good cause* …" (emphasis added). The burden of showing that there is good cause to modify the Scheduling Order rests upon the party seeking the modification. As the Ninth Circuit has held, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment …. [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc. (9th Cir. 1992) (internal citations omitted); see also Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). ASI has not been diligent in pursuing its claims.

ASI's characterization of the proceedings to date is misleading. The parties engaged in settlement discussions in October 2005 when both parties met with Magistrate Judge Chang. No settlement was reached, but the Scheduling Order was modified to extend the date of trial and all related dates including discovery.

ASI asserts that several depositions have taken place. While it is true that six depositions have taken place, ASI has taken only one deposition, that of Mr. James Haugh (ASI's former employee), whereas the NCAA noticed and conducted the remaining five depositions shortly after the settlement conference. ASI asserts that since the settlement conference it has focused its discovery efforts on its contract and tort claims. ASI's tort claims involve Mr. Paul Feller's alleged

7

agreement to purchase ASI's business. However, on at least two occasions ASI has failed to properly serve Mr. Feller with a deposition subpoena and has not yet taken his deposition. His deposition is now scheduled for May 8, 2006. ASI has requested deposition dates of only one NCAA staff member, Mr. Dennis Poppe. Mr. Poppe's deposition is scheduled for May 23, 2006.[6] Furthermore, ASI has not propounded any interrogatories or any requests for admission to the NCAA. Clearly, ASI has not pursued its claims or attempted to comply with this Court's Rule 16 Scheduling Order.

Under the current Scheduling Order ASI was to disclose its expert witness and provide an expert report by April 3, 2006, which it has neglected to do. ASI claims in its motion that trial should be bifurcated because a trial on the antitrust claims would require experts to testify about market power and market definition. ASI's counsel is well versed with antitrust litigation and should have realized that ASI would need an expert to meet its burden for proving a relevant market for its antitrust claims. Moreover, at the commencement of the litigation, counsel for the NCAA wrote to ASI's counsel inquiring about ASI's failure to plead a relevant

---

[6] In light of the fact that Mr. Feller and Mr. Poppe's depositions are scheduled to occur after the current deadline for filing dispositive motions, May 3, 2006, the parties have entered into a stipulation that the Scheduling Order should be modified to change the deadline for dispositive motions to May 25, 2006 from its current date. Under the parties' stipulation, all other dates in the Scheduling Order remain in place.

market for its antitrust claims. <u>See</u> Exhibit A to the attached Declaration of Kenneth J. Mansfield ("Mansfield Dec."). ASI's counsel's response to the NCAA indicated that its counsel did not consider omission of a market allegation fatal to its case. <u>See</u> Exhibit B to the Mansfield Dec. This communication clearly put ASI on notice as early as May of 2004 that the NCAA intended to litigate the issue of the relevant market, which requires an expert witness. ASI should not now be allowed to seek a modification of the schedule to file an expert report after its deadline has elapsed. <u>See, e.g.</u> <u>Bleek v. Supervalu, Inc.</u>, 95 F. Supp. 2d 1118, 1120 (D. Mo. 2000) (denying plaintiff's request to reopen discovery to add an expert witness because plaintiff "has not been diligent in providing a physician expert witness to testify in this regard within the deadlines established in the court's scheduling order."); <u>see also</u> <u>Doe v. State of Hawaii Dept. of Education</u>, 351 F. Supp. 2d 998, 1007-08 (D. Haw. 2004) (plaintiffs were not allowed to modify the schedule by filing a counter motion for summary judgment after the deadline when they were clearly aware of their arguments well before the deadline).

ASI's motion to extend the schedule should not be granted because it would be prejudicial to the NCAA. The NCAA has proceeded diligently in its defense of the case by propounding interrogatories, requests for admission, and conducting five depositions. <u>Ducey v. Meyers</u>, 144 Fed. Appx. 619, 622 (9th Cir. 2005) ("The potential prejudice to the defendants that would be caused by this delay supplies an

additional reason for denying" a change in the schedule.).  Furthermore, ASI's last

minute motion -- on the Friday before its expert report was due -- is unwarranted.

ASI could have sought consent from the NCAA or moved the Court earlier to

extend the schedule.  But, it did not.

> In these days of heavy caseloads, trial courts in both the federal and state
> systems routinely set schedules and establish deadlines to foster the
> efficient treatment and resolution of cases.  Those efforts will be
> successful only if the deadlines are taken seriously by the parties, and the
> best way to encourage that is to enforce the deadlines.  Parties must
> understand that they will pay a price for failure to comply strictly with
> scheduling and other orders, and that failure to do so may properly
> support severe sanction and exclusions of evidence.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005).

Even if trial were to be bifurcated, ASI should still have to abide by the

Scheduling Order.  Bifurcation of issues does not imply that a court's Scheduling

Order, as it relates to the entire case, is vacated.  ASI "did not specifically request

that the court modify its Scheduling Order, nor did it seek relief from the

Scheduling Order."  United States ex. Rel. IBM v. Hartford Fire Ins. Co., 112 F.

Supp. 2d 1023, 1028 (D. Haw. 2000) (Ezra, J.).  Instead, it merely ignored the

Scheduling Order.  As the Ninth Circuit has held:

> A scheduling order is not a frivolous piece of paper, idly entered, which
> can be cavalierly disregarded by counsel without peril. … Disregard of
> the order would undermine the court's ability to control its docket, disrupt
> the agreed-upon course of the litigation, and reward the indolent and the
> cavalier.

Johnson, 975 F.2d 604 at 610 (internal quotation omitted).[7]  Therefore, ASI should not be allowed to seek an extension of the schedule.  Instead, ASI must complete discovery in the allotted time and must face preclusion of any expert evidence for failure to abide by this Court's clear direction and deadlines in the Rule 16 Scheduling Order.

III.    CONCLUSION

        For the foregoing reasons, the NCAA respectfully requests this Court deny ASI's motion for bifurcation of the trial or to extend the schedule.

        DATED:  Honolulu, Hawaii, _____APR 2 8 2006_____.

                                        _____
                                        William C. McCorriston
                                        Kenneth J. Mansfield
                                        Gregory L. Curtner (pro hac vice)
                                        Robert J. Wierenga (pro hac vice)
                                        Atleen Kaur (pro hac vice)

                                        Attorneys for Defendant
                                        NATIONAL COLLEGIATE
                                        ATHLETIC ASSOCIATION

---

[7] Judge Ezra adopted this holding of the Ninth Circuit in United States Ex. Rel. IBM, 112 F. Supp. 2d at 1029.