Founded in 1852
by Sidney Davy Miller

**MILLER CANFIELD**
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Howell • Kalamazoo
Lansing • Monroe • Troy
New York, NY
Pensacola, FL
Washington, DC
CANADA: Windsor, ON
POLAND: Gdynia
Katowice • Warsaw

GREGORY L. CURTNER
TEL: (734) 668-7697
FAX: (734) 663-8624
E-MAIL: curtner@millercanfield.com

101 North Main Street, Seventh Floor
Ann Arbor, Michigan 48104
TEL: (734) 663-2445
FAX: (734) 747-7147
www.millercanfield.com

May 13, 2004

**VIA FACSIMILE**

David W. Kesselman, Esq.
Blecher & Collins, P.C.
611 W. Sixth Street
20th Floor
Los Angeles, CA 90017-3120

Re:   **Aloha Sports, Inc. v. The National Collegiate Athletic Association**
Case No: CV-04-00204 DAE KC

Dear Mr. Kesselman:

We write to follow-up on the initial telephone conference held on Thursday, May 6, 2004, which we agreed was the beginning, but not the end, of a Rule 26(f) conference.

During that telephone conference we requested that you clarify, via letter and an Amended Complaint, the Hawaii Statute under which you base Count II of your Complaint. We also asked that you forward a copy of the contract between Aloha Sports, Inc. and Pro Sports Entertainment, Inc. mentioned in Count III of the Complaint.

We have additional questions on which we seek clarification. First, what period of time do you intend to cover in your initial disclosures? Your Complaint alleges that Aloha Sports enjoyed success in its early years but began to suffer financially in the mid-1990s. Aloha Sports was sold in 2000 to Mr. Rohlfing by Marcia and Leonard Klompus. We will presume that you intend to cover the period from 2000 to the date of the Complaint unless we hear otherwise.

Second, we need to conclude our conference for Rule 26(f) purposes by the end of May to comply with the local rules which require the conference to be completed 21 days before the initial hearing, which is scheduled for June 21, 2004. May 22 or 24 are available for us. Please propose dates to us as soon as possible.

Third, the Complaint does not allege many traditional pillars of antitrust law, such as a relevant market and other elements well-known to you. Do you intend to amend the Complaint to cure these omissions?

EXHIBIT "A"

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

David W. Kesselman, Esq.          -2-          May 13, 2004

Please let us know your position on these matters. Thank you for your cooperation.

Very truly yours,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: _____
Gregory L. Curtner

GLC/ak

cc:     Frederick W. Rohlfing III, Esq.
        William C. McCorriston Esq.
        Kenneth J. Mansfield Esq.

AALIB:411963.1\063863-00027