IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | CIVIL NO. CV04-00204 DAE/KSC<br><br>(Antitrust)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Aloha Sports Inc. ("Plaintiff" or "ASI") has moved pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss with prejudice the First Cause of Action (Violation of Sherman Act Section 1) of its "First Amended Complaint for Treble Damages for Violations of: (1) Sherman Antitrust Act, 15 U.S.C. § 15; (2) Hawaii Unfair Trade Practices Law; (3) Breach of Contract; and (4) Intentional Interference With Contract and/or Prospective Economic Advantage" ("the First Amended Complaint"), and to dismiss without prejudice the remaining causes of action set forth in the First Amended Complaint without prejudice.

Once the federal antitrust claim set forth as the "First Cause of Action" of the First Amended Complaint is dismissed, no claims will remain over which the

9999/566/428931

District Court will have original jurisdiction. Accordingly, based on Ninth Circuit decisions, Plaintiff believes that the Court should decline to exercise supplemental jurisdiction over this case, which will now involve only state law claims which invoke fundamental public policies of Hawaii.

## I.

## INTRODUCTION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

## II.

## ARGUMENT

### A. **Plaintiff Seeks to Voluntarily Dismiss with Prejudice its Federal Antitrust Claim**

Pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff requests an order of court to dismiss its federal antitrust claim with prejudice. On June 2, 2006, Plaintiff communicated its intent to dismiss this claim with defense counsel. (See Blecher Decl. Exh. A.) As of the date of filing, Plaintiff has yet received any response as to whether defendant will stipulate to dismissal. (See id. Exh. B.) Therefore, ASI is requesting a court order to do so. This Court should allow dismissal of the federal

antitrust claim <u>with prejudice</u> because it will save the court and the parties substantial time and resources.

**B.    Plaintiff Seeks to Dismiss Without Prejudice its Remaining Claims**

Additionally, also pursuant to Fed. R. Civ. P. 41(a)(2), ASI seeks leave of Court to dismiss <u>without prejudice</u> the remaining claims so that ASI may refile these claims in state court.

**C.    This Court Should Consider Declining to Exercise Jurisdiction Over These Purely State Law Claims**

If the Court allows ASI to voluntarily dismiss with prejudice the federal antitrust claim, no independent basis for federal jurisdiction will remain. Without the federal cause of action, there is no longer federal question jurisdiction under 28 U.S.C. § 1332. Nor is there diversity of citizenship under 28 U.S.C. § 1331. As an unincorporated association, the NCAA is considered a citizen of every state in which it is "doing business." <u>Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen</u>, 387 U.S. 556, 562 (1967); <u>California Clippers, Inc. v. United States Soccer Football Association</u>, 314 F. Supp. 1057, 1063-64 (N.D. Cal. 1970). In its Answer in this litigation, the NCAA "admits that it is a voluntary, unincorporated educational institution of approximately 1,200 member colleges and universities, conferences and certain sports organizations" and that

"some of its member institutions are located in this judicial district." (NCAA Answer, ¶ 5.) Because the NCAA has certified bowl games and has member institutions within this judicial district, the NCAA is "doing business" here and is deemed a citizen of Hawaii for jurisdictional purposes. Thus, there is no diversity of citizenship. Accordingly, Ninth Circuit law strongly advises that in these circumstances this Court should decline to exercise jurisdiction over the remaining state law claims.

A federal district court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim over which the court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Further, United Mine Workers v. Gibbs, 383 U.S. 715 (1966), instructs that state law claims should be dismissed if federal claims are dismissed before trial. Id. at 726.

///

///

///

Although federal courts have no *sua sponte* obligation to conduct a §1367(c) analysis whenever any of its factors are implicated,[1] they must do so if requested by a party. Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1999). The issue of supplemental jurisdiction remains open throughout the litigation, and may be raised at any time. Gibbs, 383 U.S. at 727; Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988). "[R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." Id. at 727.

When the issue of the court's continued exercise of jurisdiction is raised, it warrants careful consideration:

///

///

///

---

[1] Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) (considering jurisdictional question without invitation and directing district court to dismiss state law claims left pending after summary judgment on federal claims); Allen v. City of Los Angeles, 92 F.3d 842, 845 (9th Cir. 1996) (remanding a state law cross-claim remaining after verdict on federal claim, stating that "although neither party raised a jurisdictional issue, we examine jurisdiction *sua sponte*").

> [E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously. The Supreme Court has stated, and we have often repeated, that '*in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise* jurisdiction over the remaining state-law claims.'

Acri, 114 F.3d at 1001. In fact, the Ninth Circuit has gone so far as to say that "[w]hen all federal claims are eliminated before trial, retaining jurisdiction only over complex questions of state law becomes, in some circumstances, especially inappropriate" and that "retaining jurisdiction over these policy-laden claims would at this point constitute an abuse of discretion." Holly D. v. California Institute of Technology, 339 F.3d 1158, 1181 (9th Cir. 2003).

Here, considering the factors enumerated in §1367(c), the interests of "economy, convenience, fairness, and comity" noted in Gibbs, and the policy-laden, exclusively state law claims remaining for retrial, Hawaii state court is the appropriate forum for retrial.

First, the factors stated in 28 U.S.C. §1367(c) suggest that the Court should decline to continue to exercise jurisdiction over this case. ASI is seeking to voluntarily dismiss with prejudice the federal antitrust claim. This leaves only state law claims for trial. ASI's state law claims invoke fundamental matters of state policy.

Second, the Supreme Court has stated that when no federal claims remain, the state law claims should be dismissed. Gibbs, 383 U.S. 383 at 726; Carnegie Mellon, 484 U.S. at 350 n.7. Thus, supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." Gibbs, 383 U.S. at 726; Carnegie-Mellon, 484 U.S. at 350. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. The Ninth Circuit is in accord. Acri, 114 F.3d at 1001; Holly D., 339 F.3d at 1181.

### D. The Jurisdictional Issue Should be Decided Before Defendant's Summary Judgment Motion.

Defendant announced its intention to file a motion for summary judgment soon. To save time for the parties and the Court, ASI has sought voluntary dismissal before the filing of defendant's summary judgment motion. ASI respectfully requests that this Court defer hearing the merits of the summary judgment motion until after the jurisdictional issue has been decided.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court order dismissal with prejudice of the federal antitrust claim, and dismiss without prejudice the remaining claims set forth in the First Amended Complaint so that Plaintiff may refile these claims in state court.

DATED: June 9, 2006; Honolulu, Hawaii.

          BLECHER & COLLINS, P.C.
          MAXWELL M. BLECHER
          DAVID W. KESSELMAN
          COURTNEY A. PALKO

          FREDERICK W. ROHLFING III
          A LIMITED LIABILITY LAW COMPANY

          _/s/ Frederick W. Rohlfing III_
          FREDERICK W. ROHLFING III
          Attorney for Plaintiff Aloha Sports Inc.