McCORRISTON MILLER MUKAI MacKINNON LLP
WILLIAM C. McCORRISTON        #995
mccorriston@m4law.com
KENNETH J. MANSFIELD          #7227
mansfield@m4law.com
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
GREGORY L. CURTNER *(pro hac vice)*
curtner@millercanfield.com
ROBERT J. WIERENGA *(pro hac vice)*
wierenga@millercanfield.com
ATLEEN KAUR *(pro hac vice)*
kaur@millercanfield.com
101 North Main Street, 7th Floor
Ann Arbor, MI 48104-1400
Telephone: (734) 663-2445
Facsimile: (734) 663-8624

Attorneys for Defendant
THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation, | CIVIL NO. CV04-000204 DAE/KSC |
| Plaintiff, | |
| vs. | DEFENDANT NCAA'S OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION TO SHORTEN TIME ON HEARING ON ALOHA SPORTS INC.'S MOTION TO VOLUNTARILY DISMISS ITS FIRST CAUSE OF ACTION; CERTIFICAT OF SERVICE |
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, | |
| Defendant. | |

140193.1

Plaintiff, Aloha Sports Inc. ("ASI") has filed a Motion to Voluntarily Dismiss its First Cause of Action (Sherman Act claim) from its First Amended Complaint with prejudice. ASI further asks this Court to decline supplemental jurisdiction on its remaining state law claims and dismiss them without prejudice. ASI has filed an ex-parte motion to request that the time for hearing of its Motion for Voluntary Dismissal be shortened and the hearing be set in the next 30 days.

The NCAA opposes ASI's ex-parte request. No legitimate reason for shortening time is advanced. ASI continues to attempt to "game" the judicial process. The issues involved in ASI's Motion for Voluntary Dismissal will require briefing by the NCAA. ASI filed this action in federal court in 2004. The case has been pending for 2 years during which ASI has failed to diligently prosecute its claims. ASI has missed the deadline for disclosing an expert and filing an expert report to support its antitrust claims. Now ASI seeks to dismiss its state law claims without prejudice so that it can file a new case in state court for those same claims, which could allow ASI to avoid the repercussions of mismanaging its case in federal court. Hawaii's antitrust statute is modeled after the Sherman Act and the NCAA has proceeded diligently with its defense of both state and federal antitrust allegations. They must both be dismissed with prejudice under principles of issue preclusion. If plaintiff were allowed to reopen this case again in state court, the NCAA would have to defend itself twice for the same

claims whereas plaintiff would get the proverbial "second bite at the apple." The NCAA would be prejudiced by the dismissal of the state law claims without prejudice.

The NCAA has repeatedly informed plaintiff that it intends to move for Summary Judgment on all of the claims in the First Amended Complaint, which motion is due this week, obviously prompting the filing of ASI's Motion for Voluntary Dismissal. The NCAA will be prejudiced if the state law claims are dismissed without prejudice allowing plaintiff to re-litigate those claims in another forum because discovery is nearly closed and the case has progressed to the stage where the NCAA's counsel have prepared the evidence and arguments for its Summary Judgment Motion. On the eve of a motion that could resolve all of its claims, ASI is engaging in blatant forum hopping. This is contrary to the dictates of Fed. R. Civ. P. 1.

Moreover, the ex-parte Motion should be denied because of ASI's failure to comply with LR6.2(e), which requires the ex-parte movant to make an attempt to obtain from the opposing party a stipulation or other response to the movant's request to shorten the time for a hearing, and to include in the movant's affidavit or declaration a description of all attempts made to obtain such a stipulation or response. In this case, the NCAA is unaware of <u>any</u> attempts made by ASI to secure such a stipulation regarding the hearing date on its underlying motion to dismiss. Indeed, the NCAA was completely unaware of the ex-parte motion until it was delivered at close of business Friday, June 9, 2006.

For all of the foregoing reasons, the NCAA requests that the Court set the hearing date for ASI's Motion to Voluntarily Dismiss its First Cause of Action on the normal hearing schedule so that the NCAA has the opportunity to fully brief the important issues implicated by ASI's motion.

DATED: Honolulu, Hawaii, June 12, 2006.

_____
WILLIAM C. MCCORRISTON
KENNETH J. MANSFIELD
GREGORY L. CURTNER *(pro hac vice)*
ATLEEN KAUR *(pro hac vice)*

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION