IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, <br><br> Defendant. | Civil No. 04-00204 DAE/KSC <br><br> DECLARATION OF KENNETH J. MANSFIELD IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

<u>DECLARATION OF KENNETH J. MANSFIELD</u>

KENNETH J. MANSFIELD declares and states the following

1. I am licensed to practice law in the State of Hawaii and am an attorney with the law firm of McCORRISTON MILLER MUKAI MacKINNON LLP, counsel for the National Collegiate Athletic Association ("NCAA"). I submit this declaration in support of the NCAA's Motion for Summary Judgment. Unless otherwise indicated, all statements herein are based upon my personal knowledge.

2. Attached hereto as Exhibit "55" is a true and correct excerpted copy of the November 14, 2005 deposition of Terry Daw. The underlining has been added by my firm to assist the Court and counsel.

139794.1

3.  Attached hereto as Exhibit "56" is a true and correct excerpted copy of the November 15, 2005 deposition of Frederick Rohlfing, III. The underlining has been added by my firm to assist the Court and counsel.

4.  Attached hereto as Exhibit "57" is a true and correct excerpted copy of the February 16, 2006 deposition of James Haugh. The underlining has been added by my firm to assist the Court and counsel.

5.  Attached hereto as Exhibit "58" is a true and correct excerpted copy of the November 16, 2005 deposition of Richard Banner. The underlining has been added by my firm to assist the Court and counsel.

6.  Attached hereto as Exhibit "59" is a true and correct excerpted copy of the May 8, 2006 deposition of Paul H. Feller. The underlining has been added by my firm to assist the Court and counsel.

7.  Attached hereto as Exhibit "60" is a true and correct certified copy of the Exemplified Foreign Judgment; Affidavit of David C. Farmer; Exhibit "A", filed October 27, 2003 in <u>Mountain West Conference v. Aloha Sports, Inc.</u>, Circuit Court of the First Circuit, State of Hawaii, S.P. No. 03-1-0432 (RWP).

8.  Attached hereto as Exhibit "61" is a true and correct certified copy of the Judgment filed June 3, 2003 in <u>University Health Alliance v. Aloha Sports, Inc.</u>, District Court of the First Circuit, Honolulu Division, State of Hawaii, Civil No. 1RC03-1-252.

9. Attached hereto as Exhibit "62" is a true and correct certified copy of the Judgment filed August 6, 2002 in <u>McNeil Wilson Communication, Inc. v. Aloha Sports, Inc.</u>, District Court of the First Circuit, Honolulu Division, State of Hawaii, Civil No. 1RC 02-1-3799.

10. Attached hereto as Exhibit "63" is a true and correct certified copy of the Judgment filed November 15, 2002 in <u>Transworld Systems Inc dba Credit Management Services v. Aloha Sports Inc. and Frederick Rohlfing III</u>, District Court of the First Circuit, Honolulu Division, State of Hawaii, Civil No. 1RC 02-1-4321.

11. Attached hereto as Exhibit "64" is a true and correct certified copy of the Order Directing Entry of Final Judgment Against Defendant Aloha Sports, Inc. Pursuant to Fed. R. Civ. P. 54(b) and Allowing Immediate Registration filed February 15, 2006 in <u>James Haugh v. Aloha Sports, Incorporated, Terry Daw and Jane Dow Daw</u>, United States District Court for the Western District of Washington at Seattle, Case No. C05-1004 RSM.

12. Attached hereto as Exhibit "65" is a true and correct certified copy of the Judgment Against Defendant Aloha Sports, Inc. filed February 18, 2003 in <u>Bank of Hawaii v. Aloha Sports, Inc.</u>, Circuit Court of the First Circuit, State of Hawaii, Civil No. 02-1-1521-06 EEH.

13. Attached hereto as Exhibit "66" is a true and correct certified copy of the Order and Judgment of Default as to Aloha Sports, Inc. filed September 29, 2004 in

<u>King County, Washington v. Aloha Sports, Inc.</u>, Super Court of Washington for King County, State of Washington.

    14.    Attached hereto as Exhibit "67" is a true and correct copy of Plaintiff Aloha Sports Inc.'s Responses to Defendant's First Set of Interrogatories.

    15.    Attached hereto as Exhibit "68" is a true and correct copy of Plaintiff Aloha Sports Inc.'s Responses to Defendant NCAA's First Amended Request for Admissions, dated May 25, 2006 (hereinafter, "Plaintiff's Admissions").

    16.    Attached hereto as Exhibit "69" is a true and correct copy of a document produced by ASI titled "Oregon Settlement Statement." The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 10.

    17.    Attached hereto as Exhibit "70" is a true and correct copy of a document produced by ASI titled "University of Hawaii Settlement." The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 11.

    18.    Attached hereto as Exhibit "71" is a true and correct copy of a document produced by ASI titled "Arizona State Settlement." The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 12.

19.  Attached hereto as Exhibit "72" is a true and correct copy of a document produced by ASI titled "Wake Forest Settlement." The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 13.

20.  Attached hereto as Exhibit "73" is a true and correct copy of a settlement statement between Boston College and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 14.

21.  Attached hereto as Exhibit "74" is a true and correct copy of a settlement statement between the University of Virginia and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 15.

22.  Attached hereto as Exhibit "75" is a true and correct copy of a settlement statement between Arizona State University and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 16.

23.  Attached hereto as Exhibit "76" is a true and correct copy of a settlement statement between the University of Virginia and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 17.

24. Attached hereto as Exhibit "77" is a true and correct copy of a settlement statement between the University of Georgia and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 18.

25. Attached hereto as Exhibit "78" is a true and correct copy of a settlement statement between Stanford University and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 19.

26. Attached hereto as Exhibit "79" is a true and correct copy of a settlement statement between the Georgia Tech Athletic Association and ASI. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 20.

27. Attached hereto as Exhibit "80" is a true and correct copy of a letter from Steve Leahy to Frederick Rohlfing III dated February 7, 2001. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 87.

28. Attached hereto as Exhibit "81" is a true and correct copy of ASI's application for recertification for the Aloha Bowl dated April 1, 2002. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 63.

29. Attached hereto as Exhibit "82" is a true and correct copy of an agreement between the Atlantic Coast Conference and ASI dated November 13, 2002. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 2.

30. Attached hereto as Exhibit "83" is a true and correct copy of an agreement between the Pacific-10 Conference and Aloha Sports Inc. dated November 14, 2002. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 4.

31. Attached hereto as Exhibit "84" is a true and correct copy of an agreement between Georgia Tech Athletic Association and ASI dated December 5, 2001. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 8.

32. Attached hereto as Exhibit "85" is a true and correct copy of an agreement between the Pacific-10 Conference and ASI dated September 25, 2001. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 9.

33. Attached hereto as Exhibit "86" is a true and correct copy of an agreement between Classic Destination Management-Hawaii and the Jeep Aloha Bowl and Oahu Bowl dated March 25, 2000. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 106.

34. Attached hereto as Exhibit "87" is a true and correct copy of a document produced by ASI titled "Letter of Agreement Between Sheraton Seattle Hotel & Towers and Seattle Bowl", which document appears to be signed by Christine Hatfield, Director of Sales for Sheraton Seattle Hotel & Towers on October 8, 2001. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 5.

35. Attached hereto as Exhibit "88" is a true and correct copy of a letter from Frederick Rohlfing III to Marcie Hill dated August 31, 1998. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 22.

36. Attached hereto as Exhibit "89" is a true and correct copy of a facsimile from Patrick Dugan to Frederick Rohlfing III containing draft press statements dated May 10, 2001. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 32.

37. Attached hereto as Exhibit "90" is a true and correct copy of a letter from Frederick Rohlfing III to Lee Wilson dated April 16, 2001. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 82.

38. Attached hereto as Exhibit "91 is a true and correct copy of an agreement between ESPN, Inc. and ASI dated May 1, 1998. The authenticity of this document is

not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 28.

39. Attached hereto as Exhibit "92 is a true and correct copy of a letter agreement between ABC Sports, Inc. and ASI dated August 30, 1995. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 30.

40. Attached hereto as Exhibit "93 is a true and correct copy of a letter agreement between ABC Sports, Inc. and ASI dated March 29, 2000. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 29.

41. Attached hereto as Exhibit "94 is a true and correct copy of a document produced by ASI that purports to be a letter drafted by Brian DiMartino to David Brown dated February 18, 1999. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 31.

42. Attached hereto as Exhibit "95" is a true and correct copy of a document produced by ASI that purports to be an Irrevocable Binding Letter of Intent with exhibits dated February 20, 2003, which appears to be signed by Terry Daw but not by

Richard Banner or Paul Feller. The authenticity of this document is not in dispute, as Plaintiff has admitted to its authenticity in Plaintiff's Admissions at Request No. 34.

I declare under penalty of perjury that the foregoing is true and correct.

Executed the 13th day of June, 2006 at Honolulu, Hawaii.

                                                KENNETH J. MANSFIELD