McCORRISTON MILLER MUKAI MacKINNON LLP
WILLIAM C. McCORRISTON         #995
mccorriston@m4law.com
KENNETH J. MANSFIELD           #7227
mansfield@m4law.com
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
GREGORY L. CURTNER *(pro hac vice)*
curtner@millercanfield.com
ROBERT J. WIERENGA *(pro hac vice)*
wierenga@millercanfield.com
ATLEEN KAUR *(pro hac vice)*
kaur@millercanfield.com
101 North Main Street, 7th Floor
Ann Arbor, MI  48104-1400
Telephone: (734) 663-2445
Facsimile: (734) 663-8624

Attorneys for Defendant
THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>　　　　　　Defendant. | CIVIL NO. CV04-000204 DAE/KSC<br><br>DEFENDANT NCAA'S MEMORANDUM IN OPPOSITION TO ALOHA SPORTS INC.'S MOTION TO VOLUNTARILY DISMISS ITS FIRST CAUSE OF ACTION (VIOLATION OF SHERMAN ACT SECTION 1) WITH PREJUDICE AND ITS REMAINING |

140853.1

)   CAUSES OF ACTION WITHOUT
)   PREJUDICE, FILED ON JUNE 9,
)   2006; CERTIFICATE OF SERVICE
)
)   HEARING:
)
)   Date : July 3, 2006
)   Time : 9:45 a.m.
)   Judge : Hon. David A. Ezra
)

2

DEFENDANT NCAA'S MEMORANDUM IN OPPOSITION TO
ALOHA SPORTS INC.'S MOTION TO VOLUNTARILY DISMISS ITS
FIRST CAUSE OF ACTION (VIOLATION OF SHERMAN ACT SECTION
1) WITH PREJUDICE AND ITS REMAINING CAUSES OF ACTION
WITHOUT PREJUDICE, FILED ON JUNE 9, 2006)

Aloha Sports, Inc. ("ASI") promoted intercollegiate postseason football Bowl Games until 2002. In March, 2004 ASI filed suit against the National Collegiate Athletic Association ("NCAA") alleging violations of federal and state antitrust laws, breach of contract and tortious interference. The case has progressed steadily in this Court for over two years, during which time the parties have utilized the federal court's resources and conducted discovery under the Federal Rules. Discovery is nearly complete, due to be closed on August 4, 2006. The parties have participated in one settlement conference with Magistrate Judge Chang scheduled at the request of ASI, have scheduled another settlement conference on July 28, 2006, and have filed motions in this Court on various issues.

More than two years later, and on the eve of the deadline for filing of summary judgment motions, ASI filed a motion requesting voluntary dismissal with prejudice of its federal antitrust claim. In the same motion, ASI requests that this Court dismiss its remaining state law claims without prejudice so that ASI may refile those claims in state court.[1] The NCAA consents to ASI's voluntary dismissal with

---

[1] ASI's Motion to Voluntarily Dismiss its First Cause of Action With Prejudice and its Remaining Causes of Action Prejudice (hereafter "ASI's Voluntary Dismissal

140853.1

prejudice of its federal antitrust claim. However, the NCAA requests that this Court continue to exercise supplemental jurisdiction over ASI's state law claims as it is authorized to do under 28 U.S.C. §1367(c). Further, the NCAA submits that this Court should dismiss ASI's state law antitrust claims with prejudice under principles of *res judicata*.

ASI's failure to pursue its claims and follow this Court's Scheduling Order has resulted in its inability to present proof on essential elements of antitrust claims, in particular the relevant geographic and product markets. The NCAA, on the other hand, has proceeded diligently with its defense of this case and has timely filed its summary judgment motion with this Court after assembling all the evidence to support its arguments. At this late stage in the case, only a few months before the scheduled trial date, the NCAA would be substantially prejudiced if ASI is allowed to dismiss its state law claims without prejudice and file a new case, with the same elements of proof requiring the same evidence, in state court.

I. JUDICIAL EFFICIENCY, CONVENIENCE AND FAIRNESS REQUIRE THIS COURT TO EXERCISE ITS DISCRETION TO MAINTAIN SUPPLEMENTAL JURISDICTION OVER ASI'S STATE LAW CLAIMS

This Court was required to exercise supplemental jurisdiction over ASI's state law claims under 28 U.S.C. §1367(a) when ASI filed those claims along with its federal antitrust claim for which the federal courts have original jurisdiction. 28

---

Motion"), filed June 9, 2006, at 3: "ASI seeks leave of Court to dismiss without prejudice the remaining claims so that ASI may refile these claims in state court."

2

U.S.C. §1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ....

(emphasis added). Therefore, this Court continues to have jurisdiction over the state law claims even if the federal antitrust claim is dismissed. However, ASI is urging this Court to decline to exercise its supplemental jurisdiction over the state law claims and dismiss them without prejudice to allow ASI to file the same claims in state court. 28 U.S.C. §1367(c) provides:

> The district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(emphasis added).

The statutory structure, then, is that the exercise of supplemental jurisdiction in the initial instance is mandatory and the decision whether to continue such exercise is discretionary. Ramsey v. City of Philomath, 2006 U.S. App. Lexis 12725, *2 (9th Cir. May 19, 2006) ("As the word 'may' indicates, a federal court with power to hear state law claims has discretion to keep them...") (internal quotation omitted); McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994)

3

(pointing out that §1367(a) provides that district courts "shall" have supplemental jurisdiction as a "mandatory command," whereas §1367(c) says that district courts "may" decline jurisdiction, giving them discretion); Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

The exercise of such discretion is informed by traditional factors, including the status of the case. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in §1367(c), it is informed by the [United Mine Workers v. Gibbs, 383 U.S. 715 (1966)] values 'of economy, convenience, fairness, and comity.'" Acri, 114 F.3d at 1001; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Therefore, while ASI's voluntary dismissal of its federal antitrust claim with prejudice will remove the claim over which this Court has original jurisdiction, it does not automatically follow that all remaining state law claims must be dismissed without prejudice. Instead, a candid evaluation of judicial economy, convenience and fairness demonstrates that this Court should continue to exercise supplemental jurisdiction over the state law claims.

The Supreme Court has noted that judicial economy may dictate that "a case properly belongs in state court … when the federal claims have dropped out of the lawsuit *in its early stages*…" Carnegie-Mellon, 484 U.S. at 350 (emphasis added). But this case is *not* in its early stages. The parties have engaged in document

4

production, the parties have conducted seven depositions,[2] the NCAA has propounded interrogatories and requests for admission, the NCAA has issued third-party subpoenas, and the NCAA has prepared and filed its motion for summary judgment. Indeed, this case is less than four months away from trial with the pre-trial conference only two months away. Thus, the factors of a §1367(c) analysis favor this Court's retention of supplemental jurisdiction. See, e.g., Williams v. The Dow Chemical Co., 326 F. Supp. 2d 443, 448-449 (S.D.N.Y. 2004); Barragan v. St. Catherine Hospital, 339 F. Supp. 2d 1141, 1144 (D. Kan. 2004); Vermont Mobile Home Owners' Ass'n v. Lapierre, 39 F. Supp. 2d 426, 428 (D. Vt. 1997); Tinius v. Carroll County Sheriff Dept., 2004 U.S. Dist. Lexis 25461, *7-*10 (N.D. Iowa December 17, 2004).

For two years ASI has used the processes of this Court and should not now be allowed to callously disregard the resources expended while it engages in blatant forum hopping. In Carnegie-Mellon, the Supreme Court instructed that a "district court can consider whether the plaintiff has engaged in any manipulative tactics. … If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account" in considering whether it should continue to exercise jurisdiction over the state law claims. 484 U.S. at 357. Forum manipulation is evident in ASI's last minute motion for dismissal of its state law claims without

---

[2] Five of the seven depositions were noticed and conducted by the NCAA.

prejudice. ASI itself acknowledges that if it is allowed to "refile" its claims in state court, the same issues would be subject to a "retrial." ASI's Voluntary Dismissal Motion at 3 and 6. Allowing ASI to refile its claims in state court would allow ASI to escape the repercussions of ignoring this Court's Scheduling Order. Under that Order, ASI was required to disclose its expert and provide an expert report by April 3, 2006. ASI failed to plead a relevant market in its Complaint, claiming, incorrectly, that it did need to do so. ASI decided not to seek an expert to prove the relevant geographic and product markets in which its claims must be analyzed. ASI failed to disclose an expert report by the scheduled deadline and now seeks to shift its claims to another forum to get a new schedule and another chance to remedy that fatal defect in its pleading and proof. This Court should exercise its jurisdiction over the state law claims and dismiss them with prejudice because it is "not appropriate to allow Plaintiff to use a motion for voluntary dismissal without prejudice as an indirect means of correcting [its] initial failure to pursue [its] case in a timely fashion." St. Clair v. General Motors Corp., 10 F. Supp. 2d 523, 531 (M.D.N.C. 1998).

Fairness to the NCAA dictates that ASI be required to proceed in this Court because the NCAA has diligently prepared its defense in compliance with this Court's Scheduling Orders. If ASI is allowed to take its state law claims to state court in a new matter, the NCAA will be required to defend itself twice. Hawaii's

6

state antitrust statute is adjudicated consistently with claims under the Sherman Act. Plaintiff bears the same burdens of proof under both statutes and the NCAA would have the same defenses under both statutes.[3] T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 636 (9th Cir. 1987) (citations omitted); Hawaii v. Gannett Pac. Corp. 99 F. Supp. 2d 1241, 1248, n.7 (D. Haw. 1999). The NCAA would be highly prejudiced if it is required to repeat its entire defense of the same issues, the same legal elements, involving the same witnesses, the same history between the parties, and the same evidence.[4]

II.    ASI'S CLAIMS FOR VIOLATION OF HAWAII'S ANTITRUST STATUTE SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY PRESENT THE SAME ISSUE AS THE FEDERAL ANTITRUST CLAIM AND WILL BE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL

ASI's claims of violation of Hawaii's antitrust statute are based on the same exact sequence of events on which ASI based its federal antitrust claims. Therefore,

---

[3] ASI cites Holly D. v. California Institute of Technology, 339 F.3d 1158 (9th Cir. 2003) for the proposition that a district court must decline to retain jurisdiction over "policy laden" state law claims. While the Holly D. court did hold that a district court must not needlessly decide policy laden state law claims, that case is inapposite because the district court in that case decided questions which were being "actively examin[ed]" by the state courts, id. at 1181, and the district court had issued "a series of confusing orders ... sometimes without citing a single [state] case." Id. at 1179. On the contrary, the Hawaii courts are not engaged in active reexamination of the state's antitrust laws. Hawaii antitrust laws are modeled after the federal antitrust laws and are not so complex as to militate toward this Court's declining jurisdiction.

[4] The cost of time and travel of the NCAA's representatives and its counsel from the mainland to Hawaii is itself a factor weighing toward continuing this case in Federal Court in order to avoid repeat travel for a new case in state court.

7

principles of *res judicata* and collateral estoppel require that its state antitrust claims be dismissed with prejudice to avoid prejudice to the NCAA from having to litigate the same claims again in state court.

The Hawaii Supreme Court has held that "the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter." Morneau v. Star Enterprises, 56 Haw. 420, 422 (1975) (quoting Ellis v. Crocket, 51 Haw. 45, 55 (1969)). Furthermore,

> Collateral estoppel is an aspect of *res judicata* which precludes the relitigation of a fact or issue which was previously determined in a prior suit on a different claim between the same parties or their privies. Collateral estoppel also precludes relitigation of facts or issues previously determined when it is raised defensively by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue.

Morneau, 56 Haw. at 423 (internal quotation omitted). In order to determine whether *res judicata* prohibits a specific claim, Hawaii state courts apply the following three prong test:

> Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

Morneau, 56 Haw. at 424 (citing Bernhard v. Bank of America Nat. Trust and Savings Ass'n., 19 Cal.2d 807, 813, 122 P.2d 892 (1942)).

8

Under this test, ASI's state law antitrust claims should be dismissed with prejudice. First, the case under the state law claim will be identical to the federal law claim because the state antitrust statute is fashioned after the federal statute and is intended to be adjudicated in exactly the same manner with the same elements of proof.

> HRS Chapter 480 was first enacted in 1961 to fill a vacuum created by the advent of statehood. Prior to statehood, federal antitrust laws applied to trade in Hawaii as a territory of the United States. When the state legislature undertook the task of fashioning Hawaii's antitrust law, it logically followed the federal paradigm.

Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Comp., Inc., 91 Haw. 224, 247 (1999) (internal quotation omitted). For this reason, Courts have found it unnecessary to engage in detailed analysis of the state law claims when the federal antitrust claims based on the same facts and evidence have already been adjudicated. State of Hawaii v. Gannett Pacific Corp., 99 F. Supp. 2d 1241, 1248, n.7 (D. Haw. 1999) ("The Court need not address the state law claims separately because they essentially mirror the federal claims.").

Second, dismissal of the federal antitrust claim with prejudice is equivalent to an adjudication on the merits. Land v. Highway Construction Comp, LTD, 64 Haw. 545, 551 (1982).

Third, the parties in the state court would be exactly the same as the parties in the instant case. Therefore, all three prongs of the *res judicata* test dictate that

ASI's state antitrust claim should be barred from being relitigated in state court. In a closely analogous case, the Hawaii Supreme Court found that principles of *res judicata* and collateral estoppel barred a plaintiff's state antitrust claims when those identical claims were unsuccessfully litigated by the plaintiff in a federal suit. Silver v. The Queen's Hospital, 63 Haw. 430, 437-39 (1981). See also Hall v. State of Hawaii, 7 Haw. App. 274 (1988); Sussel v. Civil Service Comm'n of the City and County of Honolulu, 74 Haw. 599, 614 (1993) (affirming that "the state circuit court was clearly right in stating that Judge Ezra's finding [on the issue of plaintiff's demotion had] preclusive effect" under principles of *res judicata*.).

*Res judicata* "relieves the parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and ... encourages reliance on adjudication." Caires v. Kualoa Ranch, Inc., 6 Haw. App. 52, 55 (1985) (internal quotation omitted). Therefore, the NCAA requests that this court dismiss the state antitrust claim ***with prejudice*** so that the parties do not have to go through the same protracted litigation on exactly the same facts and evidence twice.

III.   THE NCAA WILL BE SUBSTANTIALLY PREJUDICED IF ASI'S STATE LAW CLAIMS ARE DISMISSED WITHOUT PREJUDICE

This Court has discretion to dismiss ASI's claims with or without prejudice under Fed. R. Civ. P 41(a). "In determining whether prejudice will result from a voluntary dismissal, a court 'must focus primarily on protecting the interests of the

10

defendant.'"  St. Clair, 10 F. Supp.2d at 530 (quoting Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)).  In particular,

> [this Court] may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.  The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal.

Burnette v. Godshall, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993).  All three of these factors favor dismissal of ASI's state law claims with prejudice.

First, the defendant has expended time, effort, and costs in litigating the case thus far.  Most of the discovery has been conducted by the NCAA, i.e. 5 out of the 7 depositions, interrogatories, requests for admission, and third party subpoenas.  The NCAA has prepared its arguments and supporting evidence and exhibits for its motion for summary judgment, which has been filed on June 14, 2006.  The use and value of this discovery and preparation would be severely jeopardized if ASI is allowed to refile its claims in state court.  As the St. Clair court noted while declining to dismiss plaintiff's claims without prejudice:

> Defendant in the instant matter had incurred expenses in responding to the Plaintiff's Complaint, as well as filing a Motion for Summary Judgment with a supporting memorandum and accompanying exhibits. Defendants are further prejudiced to the extent that prior to Plaintiff's motion for voluntary dismissal they had incurred expenses of discovery by deposing Plaintiff, preparing interrogatories and requests for document production…. In addition, at the time Plaintiff filed his motion for voluntary dismissal, over a year had elapsed since Plaintiff filed his initial

11

> Complaint …. [T]hese are factors sufficient to show prejudice to Defendant and weigh against Plaintiff's request for voluntary dismissal of its Complaint without prejudice.

10 F. Supp. 2d at 530-31. See also Teck General Partnership v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989 (E.D. Va. 1998). Similarly, there is no question that the interests of the NCAA would be substantially prejudiced if the state law claims are dismissed without prejudice, forcing the NCAA to again prepare its defense on the same exact claims against the same plaintiff, where that plaintiff has had the opportunity to evaluate the NCAA's defenses without meeting its own obligations.

Second, ASI itself has failed to secure an expert to prove essential elements of its claim and now seeks a dismissal of its state law claims without prejudice. But, lack of diligence of the plaintiff bars dismissal without prejudice. Saviour v. Revco Discount Drug Ctr., Inc., 126 F.R.D. 569, 570 (D. Kan. 1989). And third, ASI has failed to provide any explanation of its failure to obtain an expert or conduct discovery diligently. Therefore, this Court must use its discretion to dismiss ASI's state law claims ***with prejudice.***[5]

---

[5] All of ASI's claims should also be dismissed with prejudice for failure to prosecute. Fed. R. Civ. P. 41(b) allows a district court to dismiss a claim for failure to prosecute. See, e.g., Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999); Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996); Palmieri v. Defaria, 88 F.3d 136, 140 (2d Cir. 1996); Chachoua v. Daar, 90 Fed. Appx. 257 (9th Cir. March 1, 2004). More than two

IV. ALTERNATE RELIEF

If the Court declines to retain supplemental jurisdiction over ASI's state law claims and dismisses them without prejudice, the NCAA requests that the Court condition the dismissal upon "such conditions as the court deems proper," Fed. R. Civ. P 41(a)(2), including precluding ASI from providing an expert report in the state court because of its failure to abide by this Court's Scheduling Order.

Furthermore, the NCAA requests that ASI be ordered to pay its costs and attorneys fees for litigation of the instant case in order to avoid prejudice of re-litigating the same issues twice. See, e.g., Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982); Der v. E.I. DuPont de Nemours & Co., 142 F.R.D. 344, 346 (M.D. Fla. 1992).

V. CONCLUSION

For all of the foregoing reasons, the NCAA respectfully requests that this Court decline to dismiss ASI's state law claims without prejudice. Instead, this

---

years after filing its case in district court: ASI has not yet propounded any interrogatories to the NCAA, has not propounded any requests for admission to the NCAA, missed the deadline for providing an expert report, and has not deposed any NCAA representative. In fact, ASI had been ignoring its antitrust claims on the hope of bifurcating the antitrust claims from its so-called "Seattle Bowl claims" which include a breach of contract claim and tortious interference claim regarding the Seattle Bowl. ASI's Motion to Bifurcate Trial or Extend Schedule, filed March 31, 2006 at 8 ("Plaintiff undertook to prioritize the Seattle Bowl claims and limit discovery to issues related to those claims."). Therefore, this Court can exercise its discretion and dismiss all of ASI's claims with prejudice for failure to prosecute.

Court should continue to exercise supplemental jurisdiction over the state law claims and dismiss those claims **with prejudice** for the reasons outlined above.

DATED: Honolulu, Hawaii, June 21, 2006.

_____
WILLIAM C. McCORRISTON
KENNETH J. MANSFIELD
GREGORY L. CURTNER (*pro hac vice*)
ROBERT J. WIERENGA (*pro hac vice*)
ATLEEN KAUR (*pro hac vice*)

Attorneys for Defendant
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION