ORIGINAL

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER (Pro Hac Vice) (mblecher@blechercollins.com)
DAVID W. KESSELMAN (Pro Hac Vice) (dkesselman@blechercollins.com)
COURTNEY A. PALKO (Pro Hac Vice) (cpalko@blechercollins.com)
515 South Figueroa Street, 17th Floor
Los Angeles, California 90071
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

FREDERICK W. ROHLFING III, A LIMITED LIABILITY LAW COMPANY
FREDERICK W. ROHLFING III #3474 (fwr@caselombardi.com)
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-3283
Telephone: (808) 547-5400
Facsimile: (808) 523-1888

Attorneys for Plaintiff Aloha Sports Inc.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 8 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | CIVIL NO. CV04-00204 DAE/KSC<br><br>(Antitrust)<br><br>PLAINTIFF ALOHA SPORTS INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS ITS FIRST CAUSE OF ACTION (VIOLATION OF SHERMAN ACT SECTION 1) WITH PREJUDICE AND ITS REMAINING CAUSES OF ACTION WITHOUT PREJUDICE; CERTIFICATE OF SERVICE<br><br>Hearing originally scheduled for Monday, July 3, 2006 at 9:45 a.m. before the Honorable David A. Ezra will be decided on the papers without a hearing. |

**PLAINTIFF ALOHA SPORTS INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS
ITS FIRST CAUSE OF ACTION (VIOLATION OF SHERMAN ACT
SECTION 1) WITH PREJUDICE AND ITS REMAINING
CAUSES OF ACTION WITHOUT PREJUDICE**

Plaintiff ALOHA SPORTS INC. ("Plaintiff" or "ASI") respectfully submits this reply memorandum to the Court, pursuant to Fed. R. Civ. P. 41, to dismiss with prejudice its federal antitrust claim, and to dismiss without prejudice its remaining claims.

**I.    The NCAA Consents to Plaintiff's Voluntary Dismissal of the Federal Antitrust Claim**

Pursuant to Fed. R. Civ. P. 41(a)(2), ASI has requested an order of court to dismiss its federal antitrust claim with prejudice. Defendant NCAA has consented to ASI's voluntary dismissal with prejudice of this claim. (NCAA Opp. at 1-2: "The NCAA consents to ASI's voluntary dismissal with prejudice of its federal antitrust claim.)

**II.   Ninth Circuit Law Strongly Advises that this Court Decline to Exercise Supplemental Jurisdiction over ASI's Remaining State Law Claims.**

Additionally, if this Court allows dismissal of the federal antitrust claim, there remains no independent basis of federal jurisdiction. Accordingly, ASI has asked this Court to decline to retain supplemental jurisdiction and to order dismissal <u>without prejudice</u> of ASI's remaining state law claims. U.S.C. § 1367(c) (enumerating factors for declining to exercise supplemental jurisdiction); Fed. R.

1

Civ. P. 4(a)(1) (requiring leave of court to voluntarily dismiss claim). As the Supreme Court instructs: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The Ninth Circuit is in accord. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (advising that federal court should decline to exercise jurisdiction when no federal jurisdiction remains); Holly D. v. California Institute of Technology, 339 F.3d 1158, 1181 (9th Cir. 2003).

Contrary to the NCAA's mischaracterizations, which conveniently omit numerous pertinent facts, ASI has been diligent in prosecuting its case and has consistently communicated with the NCAA regarding case status and strategy. After extensive initial mutual document production following the commencement of this action, both parties agreed to postpone further discovery until after an early settlement conference, which was held in October 2005. Since that time, ASI has conducted the depositions of two key witnesses[1], actively defended depositions taken by the NCAA of ASI's officers and accountant, produced and reviewed documents, and assembled the evidence to support and try the tort and breach contract claims.

---

[1] ASI scheduled the deposition of an NCAA representative Dennis Poppe. At the NCAA's request, ASI rescheduled deposition. ASI subsequently took the deposition off calendar pending the ruling on this motion.

ASI has not engaged in any manipulative tactics, such as "forum hopping." (See NCAA Opp. at 5.) Nor does ASI intend to replead a relevant market to "remedy that fatal defect in its pleading." (Id.) The res judicata effect of the dismissal with prejudice of the federal antitrust claim on the remaining claims can and should be determined by a state court, with the state court determining the policy laden and as yet undetermined issue of whether an H.R.S. § 480-2(e) unfair methods of competition claim is identical to ASI's federal antitrust claim. ASI is simply asking this Court to follow Ninth Circuit precedent, which urges federal courts to allow state claims to be tried in state court. As the Ninth Circuit instructed:

> [E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when *any* factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously. The Supreme Court has stated, and we have often repeated, that '*in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise* jurisdiction over the remaining state-law claims.'

Acri, 114 F.3d at 1001 (emphasis added).

3

The Ninth Circuit has even found that "[w]hen all federal claims are eliminated before trial, retaining jurisdiction only over complex questions of state law becomes, in some circumstances, especially inappropriate" and that "retaining jurisdiction over these policy-laden claims would at this point constitute an abuse of discretion." Holly D. v. California Institute of Technology, 339 F.3d 1158, 1181 (9th Cir. 2003).

Breach of contract, tortious interference with contract/prospective advantage, and H.R.S. § 480-2(e) unfair methods of competition, are claims most appropriately heard in the state court. ASI urges that this Court decline to exercise supplemental jurisdiction so that these claims may be tried in state court.

Although the NCAA contends that it will be substantially prejudiced, there is nothing in the record of this case indicating any prejudice to the NCAA resulting from the transfer of this case to the state court venue. The NCAA will not be forced to start over and defend itself twice. The same discovery can be used in the state court action. The NCAA's identical summary judgment motion can be decided by the state court.

The NCAA has failed to cite this Court to any case where a federal court has retained supplemental jurisdiction in circumstances similar to those presented here. See NCAA Opp. at 5-6. Jurisdiction was retained in Barragan v. St. Catherine Hospital, 339 F. Supp. 2d 1141 (D. Kan. 2004) because the plaintiffs indicated

they would drop the non-diverse plaintiff, and proceed with parallel proceedings in both state and federal court. That is not the case here. In Vermont Mobile Home Owners' Ass'n v. Lapierre, 39 F. Supp. 2d 426 (D. Vt. 1997), other defendants remained in the case, so that retaining supplemental jurisdiction over state claims against a defendant as to whom the federal claim had been dismissed was in the interest of judicial economy. In Williams v. The Dow Chemical Co., 326 F. Supp. 2d 443 (S.D.N.Y. 2004), the court stated that the state "claims that do survive will have to be scrutinized under a lens of federal preemption." Id. at 448. In the instant case, there is no issue of federal preemption.

In Tinius v. Carroll County Sheriff Dept., 2004 U.S. Dist. Lexis 254661 (N.D. Iowa, December 17, 2004), a motion to dismiss and a motion for summary judgment had already been granted, and a motion for summary judgment denied. In contrast, this Court has had minimal involvement with this case. The parties have appeared before Magistrate Chang for two scheduling conferences, an early settlement conference, and a motion to bifurcate, or in the alternative to change the scheduling order. The Court has not decided any legal issues or heard any substantive motions. The Court now has the opportunity to free its docket of a case that involves only state law claims. This is an opportune time to do so, as the following months will require significant court resources, including summary judgment, pretrial motions, and trial. By dismissing now, the Court will avoid

ruling on exclusively state law claims raised in the NCAA's voluminous summary judgment motion. Therefore, in accordance with 28 U.S.C. § 1367(c) and case law, ASI respectfully submits that the Court should decline to retain jurisdiction over this case.

### III. The NCAA's Request for Costs and Attorneys' Fees Should Be Denied.

This Court should deny the NCAA's request for costs and attorney fees. All discovery in this case can be used by the NCAA to defend itself in the state court action or in this Court if Your Honor elects to retain jurisdiction. The discovery conducted thus far all relates to the claims that ASI still intends to litigate. No discovery has been conducted exclusive to the antitrust claim. The NCAA has only taken the depositions of ASI's officers (Frederick Rohlfing, Terry Daw, Dr. Richard Banner, Summer Banner) and ASI's accountant Lester Hee. The NCAA would have taken these depositions even if ASI had not alleged an antitrust claim. ASI has put the NCAA to no additional expense to defend the antitrust claim. ASI's two depositions relate to the tort and breach of contract claims. Neither ASI nor the NCAA hired experts or submitted expert reports. ASI notified the NCAA of its intent to dismiss the antitrust claim with prejudice prior to the NCAA's filing its summary judgment motion. Therefore, ASI requests that the NCAA's request for attorney fees and costs be denied.

This Court should also reject the NCAA's request that ASI's claims be dismissed with prejudice for failure to prosecute. (See NCAA Opp. at 12 n. 5.) ASI has diligently prosecuted this case, and there is no similarity in any respect between the posture of this case and that of any of the cases cited by the NCAA in support of its ludicrous request.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court order dismissal with prejudice of the federal antitrust claim as well as dismissal without prejudice of the remaining state claims so that Plaintiff may refile these claims in state court.

DATED: June 28, 2006
         Honolulu, Hawaii

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
DAVID W. KESSELMAN
COURTNEY A. PALKO

FREDERICK W ROHLFING III, A
LIMITED LIABILITY LAW COMPANY
FREDERICK W. ROHLFING III

_/s/ Frederick W. Rohlfing III_
FREDERICK W. ROHLFING III
Attorneys for Plaintiff Aloha Sports Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | CIVIL NO. CV04-00204 DAE/KSC<br>(Antitrust)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon the following persons by way of mailing a copy, to their last known address on the date of filing:

>WILLIAM C. McCORRISTON, ESQ.
>KENNETH J. MANSFIELD, ESQ.
>McCORRISTON MILLER MUKAI MacKINNON LLP
>Five Waterfront Plaza, 4th Floor
>500 Ala Moana Boulevard
>Honolulu, Hawaii 96803
>
>Attorneys for Defendant
>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
>
>And

1

GREGORY L. CURTNER, ESQ.
ROBERT J. WIERENGA, ESQ.
ATLEEN KAUR, ESQ.
MILLER CANNFIELD PADDOCK AND STONE, PLC
101 N. Main Street, 7th Floor
Ann Arbor, MI  48104

Attorneys for Defendant
THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

DATED: Honolulu, Hawaii; June 28, 2006.

> BLECHER & COLLINS, P.C.
> MAXWELL M. BLECHER
> DAVID W. KESSELMAN
> COURTNEY A. PALKO
>
> FREDERICK W. ROHLFING III
> A LIMITED LIABILITY LAW COMPANY
>
> /s/ Frederick W. Rohlfing III
> FREDERICK W. ROHLFING III
> Attorneys for Plaintiff Aloha Sports Inc.

2