IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ALOHA SPORTS INC., a Hawaii corporation, | ) ) ) | CV. NO. 04-00204 DAE/KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, | ) ) ) ) ) | |
| Defendant. _____ | ) ) | |

ORDER PROVISIONALLY GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ITS FIRST CAUSE OF ACTION WITH PREJUDICE AND ITS REMAINING CAUSES OF ACTION WITHOUT PREJUDICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion and the supporting and opposing memoranda, the Court Provisionally GRANTS Plaintiff Aloha Sports, Inc.'s ("ASI") Motion to Voluntarily Dismiss its First Cause of Action (Violation of Sherman Act Section 1) With Prejudice and its Remaining Claims Without Prejudice.

BACKGROUND

On June 1, 2004, ASI filed its First Amended Complaint against Defendant National Collegiate Athletic Association (the "NCAA") asserting causes of action for: (1) violations of the Sherman Antitrust Act, 15 U.S.C. § 1 et. seq.; (2) violations of the Hawaii Unfair Trade Practices Law; (3) breach of contract; and (4) intentional interference with contract and/or prospective economic advantage.

ASI's claims stem from the policies and procedures which the NCAA employs in certifying independent business entities who own, operate, and produce Division 1-A Post-Season College Football Bowl Games. ASI was the owner and operator of the Aloha Bowl and the Oahu Bowl.[1] Both of these Bowl games originally took place in Hawaii. However, due to a number of difficulties including requirements by the NCAA and directives by television networks, ASI alleges that subsequent to the 2000 Bowl games it faced the prospect of having them decertified. As a result, ASI attempted to move the bowls to the mainland.

ASI recertified the Aloha Bowl as the San Francisco Bowl and the Oahu Bowl as the Seattle Bowl. Due to alleged disputes with television networks, the San Francisco Bowl (formerly the Aloha Bowl) never materialized. ASI later

---

[1] The Aloha Bowl began in 1992 and continued through 2000. The Oahu Bowl existed between 1998 and 2000.

submitted a request to recertify the Aloha Bowl in Hawaii. The NCAA rejected ASI's request and certified a new bowl game in Hawaii called the Hawaii Bowl in 2002.

ASI put on the Seattle Bowl (formerly the Oahu Bowl) during the 2001 and 2002 seasons. In February 2003, Pro Sports Entertainment Inc. ("Pro Sports") and ASI entered into an agreement whereby Pro Sports would obtain control of ASI subject to a pro forma recertification of the Seattle Bowl by the NCAA. However, in May 2003, the NCAA permanently decertified the Seattle Bowl. As a result, the agreement with Pro Sports did not go forward.

Based on the actions of the NCAA, ASI filed the instant lawsuit in federal court asserting a violation of the Sherman Act as its basis for federal subject matter jurisdiction. On March 31, 2006, ASI filed a motion to bifurcate the trial thereby separating its tort and breach of contract claims related to the Seattle bowl from its anti-trust claims. In the alternative, ASI sought to extend the Rule 16 deadlines due to the difficulties of conducting discovery on their claim for violations of the Sherman Act. On June 6, 2006, the Magistrate Judge denied ASI's motion and declined to extend the discovery deadline.[2] On June 9, 2006,

---

[2] In its Order, the Magistrate Judge stated that the discovery cut-off was not until August 4, 2006, and therefore ASI could seek appropriate relief to modify the Rule 16 Order at a later time.

3

ASI filed the instant motion seeking to dismiss its one federal claim with prejudice and requesting that the Court decline to exercise supplemental jurisdiction over its remaining state law claims thereby dismissing them without prejudice in order to allow it to re-file the case in state court. On June 14, 2006, the NCAA filed a motion for summary judgment.

## DISCUSSION

In the instant case, ASI seeks to dismiss its claim for violations of the Sherman Act with prejudice. There is no dispute that in the absence of this claim there is no subject matter jurisdiction in this Court aside from the Court's discretion to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a). The NCAA does not object to ASI's request to dismiss its Sherman Act claim with prejudice. However, it asserts that the Court should exercise supplemental jurisdiction over the remaining state law claims and deny ASI's motion to dismiss these claims without prejudice.

I.   Dismissal of ASI's Sherman Act Claim

Initially, ASI seeks to dismiss with prejudice its claim that the NCAA violated the Sherman Act. Several courts have held that a district court does not have discretion to deny a motion under Federal Rule of Civil Procedure 41(a)(2) when the plaintiff requests that the dismissal be made with prejudice on the basis

that the defendant receives all the relief that he could have obtained after a full trial, and is protected from future litigation on the claim by the doctrine of res judicata.  See Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964); Shepard v. Egan, 767 F. Supp. 1158, 1165 (D. Mass. 1990).  Other courts have declined to establish a blanket rule, but will only deny a request to dismiss with prejudice where such dismissal will adversely affect the rights of other parties to the litigation.  See County of Santa Fe v. Public Service Co. of N.M., 311 F.3d 1031, 1049 (10th Cir. 2002).

In the instant action, there are no other parties that would suffer prejudice as a result of the dismissal of ASI's Sherman Act claim with prejudice.  Although dismissal of this claim could potentially divest this Court of subject matter jurisdiction, that alone does not constitute prejudice sufficient to deny a plaintiff's request to dismiss a claim with prejudice.  See Burnette v. Godshall, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993) ("[w]hile Plaintiff may have moved to dismiss the RICO claim as a way to avoid federal jurisdiction over the action, such tactical maneuvering does not constitute sufficient prejudice to Defendants to justify refusing her motion").  Accordingly, the Court finds no basis to deny ASI's request to dismiss its Sherman Act claim with prejudice.

II.    Exercise of Supplemental Jurisdiction Over The Remaining State Law Claims

        Upon dismissal of ASI's Sherman Act claim with prejudice, ASI urges the Court to decline supplemental jurisdiction over its remaining claims pursuant to 28 U.S.C. § 1367(c).  In the alternative, ASI requests that the Court permit it to voluntarily dismiss its remaining claims pursuant to Federal Rule of Civil Procedure 41(a)(2).  The Court addresses these issues in turn.

        Where the federal claims in a suit have been dismissed, it is inappropriate for the court to engage in the balancing process required under Rule 41(a)(2) before determining whether it retains subject matter jurisdiction to hear the case.  See Watson v. Clark, 716 F. Supp. 1354, 1356 (D. Nev. 1989), aff'd, 909 F.2d 1490 (9th Cir. 1990).  Where no subject matter jurisdiction exists, there is no discretion and dismissal is required.  Id.  Accordingly, this Court must make a preliminary determination whether supplemental jurisdiction is proper over the remaining state claims before reaching the issue of whether to permit ASI to voluntarily dismiss its suit without prejudice.

        28 U.S.C. § 1367(c) states in part that district courts may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction.  Generally, state claims

should be dismissed if the federal claims are dismissed before trial.  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966);  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988) (stating that where a federal claim is dismissed early in the case, the federal court will be strongly inclined to dismiss the state law claims without prejudice rather than retaining supplemental jurisdiction).  However, where a case has been pending in federal court for an extended period of time and the parties have expended considerable resources litigating the matter, considerations of judicial economy, comity, and fairness may favor retaining jurisdiction over state law claims. <u>See</u> <u>e.g.</u> <u>In re Nucorp Energy Sec. Litig.</u>, 772 F.2d 1486, 1491 (9th Cir. 1985); <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 993-95 (9th Cir. 1991).  Declining to exercise supplemental jurisdiction may also be improper where a plaintiff appears to be forum shopping, by seeking dismissal of its own supplemental claims after its federal claims are dismissed.  <u>In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 738 (3rd Cir. 1994); <u>see</u> <u>Carnegie-Mellon Univ.</u>, 484 U.S. at 357 (stating that in deciding whether to exercise pendant jurisdiction, a district court may consider whether the plaintiff has attempted to manipulate the forum).

   In the instant case, ASI filed its initial complaint on March 25, 2004, roughly 27 months prior to filing its motion for voluntary dismissal.  The parties have engaged in substantial discovery, and the NCAA has filed a motion for

summary judgment. Given the somewhat advanced stage of the case, the pending motion for summary judgment, and the previous rulings issued by this Court, the Court finds that the balance of factors weighs in favor of retaining supplemental jurisdiction over ASI's state claims pursuant to 28 U.S.C. § 1367(c). Furthermore, ASI's election to dismiss its federal claim appears to be solely a procedural maneuver in order to re-litigate this action in state court. Therefore, the Court finds that considerations of judicial economy and fairness mitigate in favor of retaining supplemental jurisdiction over the remaining state law claims.

III.    The NCAA Has Not Shown Sufficient Legal Prejudice To Preclude Voluntary Dismissal

Although supplemental jurisdiction over the remaining state law claims is proper, the Court must still make the separate determination of whether to permit ASI to dismiss those claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and if so, what conditions to attach to prevent any legal prejudice that the NCAA might suffer by ASI's dismissal.

Federal Rule of Civil Procedure 41(a)(2) states that where a defendant has filed either an answer or motion for summary judgment, and the parties have not stipulated to a dismissal, a case "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the

court deems proper." Whether to permit dismissal under this provision lies within the sound discretion of the trial court. Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). The primary purpose for requiring court approval is "to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions." Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961). Therefore, courts generally permit dismissal, even without prejudice, unless the defendant can show that he will suffer some cognizable legal prejudice beyond the mere prospect of a second lawsuit. Hamilton, 679 F.2d at 145. Plain legal prejudice is defined as prejudice to some legal interest, some legal claim, or some legal argument. Wetlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996). In other words, legal prejudice is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." Id.

    The NCAA opposes ASI's request to dismiss its state court claims on similar grounds as set forth in their assertion that the Court should retain supplemental jurisdiction over the state court claims. In particular, the NCAA asserts that the Court should not permit ASI to dismiss its claims without prejudice because: (1) it has conducted substantial discovery, filed a motion for summary judgment, and would otherwise be required to defend itself twice on the same

issues, legal elements, and evidence; (2) ASI failed to designate an expert and disclose an expert report by the scheduled deadline; and (3) the cost of time and travel of the NCAA's representatives and counsel from the mainland to Hawaii would increase due to a new case in state court.

The prospect that a defendant will have to face a second lawsuit over similar or identical issues does not prevent a court from permitting a plaintiff to voluntarily dismiss his claims.  Wetlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).  Even where a defendant has begun trial preparations or has incurred significant expense, this alone does constitute prejudice sufficient in an of itself to preclude voluntary dismissal.  Hyde v. Drath & Baker,24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton, 679 F.2d at 145-146 (affirming dismissal despite claim that plaintiff had been put to significant expense in proceeding through discovery and beginning trial preparations).  Although the NCAA has certainly conducted a great deal of discovery and has filed a motion for summary judgment,[3] the NCAA does not dispute that its discovery is applicable to any future action in state court. Furthermore, the Court has not ruled or otherwise considered the NCAA's motion for summary judgment, and therefore it may simply re-file the motion if ASI elects

---

[3] The NCAA filed its motion for summary judgment after ASI filed the instant motion to voluntarily dismiss its claims.

to proceed with another lawsuit. Therefore, the Court finds that these issues do not amount to plain legal prejudice sufficient to preclude ASI from voluntarily dismissing its case. Rather, as discussed <u>infra</u>, the Court may order ASI to reimburse the NCAA for attorney's fees and costs for work that is not relevant to defending a future proceeding.

        The fact that a plaintiff may be permitted to conduct further investigation or fill gaps in its evidence if the case is voluntarily dismissed is also not sufficient to sustain a finding of plain legal prejudice. <u>See</u> <u>Cone v. West Virginia Pulp & Paper</u>, 330 U.S. 212, 217 (1947). However, where a plaintiff seeks voluntary dismissal to avoid the effect of unfavorable, non-dispositive rulings, or as a means to circumvent the passing of a discovery deadline, such acts may warrant denial of voluntary dismissal. <u>See</u> <u>In re Exxon Valdez</u>, 102 F.3d 429, 432 (9th Cir. 1996) (finding that district court did not abuse its discretion in denying motion to dismiss that was a "thinly veiled attempt to avoid discovery" by movants whose total failure to respond to discovery orders prejudiced defendants); <u>St. Clair v. General Motors Corp.</u>, 10 F. Supp. 2d 523, 530-31 (M.D.N.C. 1998) (characterizing the motion to dismiss as an attempt to avoid the adverse consequences of the plaintiff's failure to comply with discovery deadlines).

In the instant case, the discovery cut-off is not until August 4, 2006. However, the deadline for designating experts and disclosing expert testimony was April 3, 2006. On March 31, 2006, ASI filed a motion to bifurcate the trial, or in the alternative, to continue the discovery deadline to allow more time to take depositions. While the Magistrate Judge denied both motions, he stated that it was premature to extend discovery, and if ASI could not complete its discovery in the time frame, it could re-file a motion to extend the deadline upon a showing of good cause. The NCAA claims that ASI is seeking to subvert the discovery deadlines by re-filing in state court. However, as noted above, the mere fact that ASI will get additional time for discovery by filing in state court does not constitute prejudice sufficient to deny dismissal. See Cone, 330 U.S. at 217. Furthermore, although the Magistrate Judge denied ASI's motion to extend the Rule 16 deadlines, it did so on the basis that the motion was premature. Therefore, the NCAA's assertion that ASI's failure to timely designate expert witnesses should preclude it from voluntarily dismissing this case presumes that ASI will be unable to persuade this Court to move the Rule 16 deadlines. While the Court is certainly concerned about ASI's motives for seeking dismissal, it does not find that under the circumstances, the NCAA has shown plain legal prejudice sufficient to preclude voluntary dismissal.

Finally, the NCAA's claim that having to defend in state court will work hardship on its attorneys and representatives since they will incur additional travel expenses associated with flying back and forth from Hawaii does not constitute legal prejudice adequate to prevent voluntary dismissal. See Durham v. Florida East Coast Railway, 385 F.2d 366, 368 (5th Cir. 1967) (holding that the inconvenience of a defendant to defend the suit in another forum does not constitute legal prejudice).

Based on the foregoing, the Court finds that the NCAA has failed to show legal prejudice sufficient to preclude ASI from voluntarily dismissing its state court claims without prejudice.[4]

## IV.   Conditions Of Dismissal

Federal Rule of Civil Procedure 41(a)(2) states that if a court grants a plaintiff's motion to dismiss, the dismissal will be upon "such terms and conditions as the court deems proper." Where a plaintiff seeks voluntary dismissal without prejudice so that it may re-file the case in another court, the defendant's costs of litigation is a proper condition of dismissal without prejudice pursuant to Rule

---

[4] The NCAA urges this Court to find that ASI's claims for violations of Hawaii's anti-trust statute should be dismissed with prejudice on the basis that they will be barred in any future action by the doctrine of res judicata. If ASI elects to re-file this matter in state court, the state court may address the preclusive effect of this Order. See Styskal v. Weld County Bd. of County Comm'rs, 365 F.3d 855, 859 (10th Cir. 2004).

13

41(a).  Wetlands Water Dist. v. United States, 100 F.3d 94, 97-98 (9th Cir. 1996).  However, costs incurred that will be useful in defending subsequent litigation should not be awarded.  Kock v. Hankins, 8 F.3d 650, 651 (9th Cir. 1993); Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985).

In reviewing the record, the Court finds the following expenses reimbursable as a condition of permitting ASI to dismiss its state law claims without prejudice:

> 1.) Costs and attorney's fees incurred by the NCAA in opposing ASI's motion to bifurcate or in the alternative to extend the discovery deadline.
>
> 2.) Costs and attorney's fees incurred by the NCAA in opposing the instant motion.

ASI must stipulate that all discovery materials assembled to date can be used in any subsequent proceeding between the parties.

ASI retains the right to refuse the above conditions, in which case it may withdraw its motion and proceed with the action in this Court.  Lau v. Glendora Unified Sch. Dist., 792, F.2d 929, 930 (9th Cir. 1986).

CONCLUSION

For the reasons stated above, the Court Provisionally GRANTS Plaintiff Aloha Sports, Inc.'s ("ASI") Motion to Voluntarily Dismiss its First Cause of Action (Violation of Sherman Act Section 1) With Prejudice and its Remaining Claims Without Prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2006.



_____
David Alan Ezra
United States District Judge

Aloha Sports, Inc. v. The National College Athletic Association, CV No. 04-00204 DAE/KSC; ORDER PROVISIONALLY GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ITS FIRST CAUSE OF ACTION WITH PREJUDICE AND ITS REMAINING CAUSES OF ACTION WITHOUT PREJUDICE