IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation, <br><br>    Plaintiff, <br><br> v. <br><br> THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, <br><br>    Defendant. | CIVIL NO. 04-000204 DAE/KSC <br><br> DECLARATION OF ATLEEN KAUR |

DECLARATION OF ATLEEN KAUR

1.   I, ATLEEN KAUR, submit this Declaration in support of the NCAA's Response to ASI's Opposition to the NCAA's Accounting of Costs and Fees reimbursable under this Court's Order provisionally granting ASI's motion to voluntarily dismiss its federal antitrust claim with prejudice and its remaining claims with prejudice, dated July 5, 2006 ("the Order").

143645.1

2.  I am over the age of 18 and am competent to testify to the facts stated herein. I am a member of the State Bar of Michigan, and am admitted *pro hac vice* before this Honorable Court in this case. All statements made herein are based upon my personal knowledge and if called as a witness, I would so testify.

3.  I have been an attorney at Miller Canfield Paddock & Stone since 2003 and am currently employed at that law firm as an associate. Prior to joining Miller Canfield Paddock & Stone, I was a law student at Columbia Law School, New York.

4.  I am assigned to work on the above titled case as an associate and under supervision of a senior partner, Mr. Gregory L. Curtner. As part of my duties on this case, I have primary responsibility for maintaining the document files, for supervising discovery, conducting legal research and drafting legal memoranda to be submitted to the Court. In drafting legal memoranda, I am primarily responsible for making sure all case citations are correct, the table of contents and table of authorities are correct, that all other requirements of the Court for submission of legal memoranda and accompanying motions are fulfilled. I am also primarily responsible for coordinating all joint efforts with McCorriston Miller Mukai MacKinnon LLP, who are employed as Hawaii counsel for the NCAA in this action.

5.  Pursuant to the Order entered by this Court, I supplied my time entries for submission along with the NCAA's other costs and fees. These entries were made by

me contemporaneously or within a few days after completion of the projects identified, in the firm's timekeeping software.

6. I understand that ASI is challenging some of the entries made by me on the basis that they unreasonably constitute entire days of my working on the NCAA's oppositions to ASI's motion to bifurcate the trial and ASI's motion to voluntarily dismiss its state law claims without prejudice. I submit this declaration to provide the Court with further details of the specific tasks engaged in on those days when I recorded 5 or more hours of my time to this case file. In the three month period from April 3, 2006 to July 6, 2006, there were only 7 days during which I spent more than 5 hours of my day on this case file.

7. On April 6, 2006 I recorded 7.00 hours to this case file for "research and analysis of case law on motion to bifurcate or extend schedule filed by plaintiff." This included reading cases cited by ASI in its motion and shepardizing them to verify their accuracy and subsequent legal history. It also included conducting independent case law research and reference to leading treatises on the issue of bifurcation under Ninth Circuit law and other federal courts. It is my customary practice, for those entries billed as "research" to this case file, to conduct on-line research using Lexis-Nexis and/or Westlaw, obtain the relevant cases or portions of treatise(s), read the cases/treatise, mark the relevant portions of the cases, make notes for follow-up research and relevancy, and organize them in files according to the issues to which they are relevant for future use in

3

drafting of legal memoranda. On the same day, I also recorded time to another case file for 2.5 hours. ASI's assertion that I recorded the entire day to one file is false.

8. On April 7, 2006 I recorded 8.50 hours to this case file for "drafting opposition to motion to bifurcate or extend schedule." This entailed outlining and writing all sections of the legal memoranda ultimately submitted to the court, with case citations and quotations. Again, on this day I recorded time spent on two other case files, and ASI's assertion that I recorded the entire day to this case file is false.

9. On Monday, June 12, 2006, I recorded 6.00 hours to this case file for work relating to these two motions. On this day I read, analyzed and made notes regarding ASI's motion for voluntary dismissal. After this analysis, I engaged in correspondence with Mr. Curtner and Mr. Mansfield about the best way for the NCAA to respond to ASI's motion. I drafted a response to ASI's ex-parte motion for shortening time on the hearing of its motion, which ASI lodged and served on local counsel only at the close of business on Friday, June 9th. I coordinated with Mr. Mansfield from his Hawaii offices to finalize the NCAA's opposition to the ex-parte motion, which included editing and proofreading, and transmitted the document to Mr. Mansfield for electronic filing that day. Because of the significance of these motions, I believed it was imperative that I work with Mr. Mansfield to ensure that our opposition to the ex parte was filed June 12, a State Holiday (King Kamehameha Day), so that the Court could review our opposition when it reopened after the three-day weekend on June 13th. On this day I recorded time

4

143645.1

to two other files and additional time, not included in the hours noted here, to this case file for work related to the NCAA's motion for summary judgment. Therefore, again, ASI's assertion that I recorded the entire day to opposing its motions is false.

10. On June 14, 2006 I recorded 7.00 hours to this case file for research and analysis of case law regarding supplemental jurisdiction of federal courts and discretion of district courts to retain jurisdiction. This involved, again, verifying and shepardizing ASI's case law citations from its brief and independent research on Ninth Circuit and other federal courts for the applicable standards. I also read and made notes on the relevant statute(s). On this day I recorded additional time, not included in the hours noted here, to this file for work on the NCAA's motion for summary judgment and I also recorded time to another case file.

11. On June 18, 2006 I recorded 5.00 hours to this case file for research and analysis of case law on voluntary dismissals, res judicata, and failure to prosecute. This entailed independent research on these topics on Ninth Circuit law and other federal courts. In this time period I read, summarized and made notes on the cases I had obtained on these topics. Although res judicata was a key component of the NCAA's opposition, I did not spend extensive time on this issue because it was being researched in detail by Mr. Warheit, a summer associate at Miller Canfield Paddock & Stone. However, I spent a little time to familiarize myself with the applicable Hawaii law in order to provide Mr. Warheit further direction and supervision. Since this was a

143645.1

weekend day, I did not spend time on other files on this day; I had come in to the office solely for the purpose of working on the NCAA's opposition brief to ASI's motion.

12. On June 19, 2006 I recorded 12.00 hours to this case file for drafting the NCAA's brief in opposition to dismissal of ASI's state law claims without prejudice. On this day, indeed, I did devote the entire day to this file because on June 14, 2006 the Court entered an Order granting ASI's ex-parte motion to shorten time and set the hearing date for this motion on July 3, 2006, which made it essential for the NCAA to file its opposition promptly. Because I devoted the entire day to drafting and editing the opposition, and sent it to Mr. Curtner and Mr. Mansfield for their review and input at the end of that day, the NCAA was able to timely file its opposition on June 21, 2006.

13. On June 20, 2006, I recorded 7.25 hours to this case file. On this day, I received comments to the brief from Mr. Curtner and Mr. Mansfield, conducted further research based on those comments, and answered questions raised by their comments. I also made extensive edits to the brief and reported back to Mr. Curtner and Mr. Mansfield with a revised draft of the brief that was finalized to meet this Court's requirements on the following day and submitted to this Court.

14. Exhibit A is an e-mail communication from Mr. Curtner to Mr. Blecher, dated July 19, 2006, attaching the NCAA's draft costs and fees subject to revision.

15. Exhibit B is an e-mail communication from Mr. Blecher to Mr. Curtner, dated July 21, 2006.

143645.1

16.     Exhibit C is a true and correct copy of the Judgment filed June 3, 2003 in <u>University Health Alliance v. Aloha Sports, Inc.</u>, District Court of the First Circuit, Honolulu Division, State of Hawaii, Civil No. 1RC03-1-252.

17.     Exhibit D is a true and correct copy of the Judgment filed August 6, 2002 in <u>McNeil Wilson Communication, Inc. v. Aloha Sports, Inc.</u>, District Court of the First Circuit, Honolulu Division, State of Hawaii, Civil No. 1RC 02-1-3799.

18.     Exhibit E is a true and correct copy of the Judgment filed November 15, 2002 in <u>Transworld Systems Inc dba Credit Management Services v. Aloha Sports Inc. and Frederick Rohlfing III</u>, District Court of the First Circuit, Honolulu Division, State of Hawaii, Civil No. 1RC 02-1-4321.

19.     Exhibit F is a true and correct copy of the Order Directing Entry of Final Judgment Against Defendant Aloha Sports, Inc. Pursuant to Fed. R. Civ. P. 54(b) and Allowing Immediate Registration filed February 15, 2006 in <u>James Haugh v. Aloha Sports, Incorporated, Terry Daw and Jane Doe Daw</u>, United States District Court for the Western District of Washington at Seattle, Case No. C05-1004 RSM.

20.     Exhibit G is a true and correct copy of the Judgment Against Defendant Aloha Sports, Inc. filed February 18, 2003 in <u>Bank of Hawaii v. Aloha Sports, Inc.</u>, Circuit Court of the First Circuit, State of Hawaii, Civil No. 02-1-1521-06 EEH.

143645.1

21.  Exhibit H is a true and correct copy of the Order and Judgment of Default as to Aloha Sports, Inc. filed September 29, 2004 in <u>King County, Washington v. Aloha Sports, Inc.</u>, Super Court of Washington for King County, State of Washington.

22.  Exhibit I is a true and correct copy of the Exemplified Foreign Judgment; Affidavit of David C. Farmer; Exhibit "A", filed October 27, 2003 in <u>Mountain West Conference v. Aloha Sports, Inc.</u>, Circuit Court of the First Circuit, State of Hawaii, S.P. No. 03-1-0432 (RWP).

23.  Exhibit J is an e-mail communication between Mr. Blecher to Mr. Curtner, dated August 1, 2006.

24.  Exhibit K is a table showing the NCAA's revised costs and fees for pursuant to the Order. To my best information and belief, this table accurately reflects the timekeeping records of the two firms employed by the NCAA in this case and the hourly rates charged by the two law firms.

143645.1

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on August 2, 2006, at Ann Arbor, MI.

_____
Atleen Kaur

AALIB:472798.1\063863-00027

9