ORIGINAL

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER (Pro Hac Vice) (mblecher@blechercollins.com)
DAVID W. KESSELMAN (Pro Hac Vice) (dkesselman@blechercollins.com)
COURTNEY A. PALKO (Pro Hac Vice) (cpalko@blechercollins.com)
515 South Figueroa Street, 17th Floor
Los Angeles, California 90071
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

FREDERICK W. ROHLFING III, A LIMITED LIABILITY LAW COMPANY
FREDERICK W. ROHLFING III #3474 (fwr@caselombardi.com)
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813-3283
Telephone: (808) 547-5400
Facsimile: (808) 523-1888

Attorneys for Plaintiff Aloha Sports Inc.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 1 2006

at 4 o'clock and 57 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | CIVIL NO. CV04-00204 DAE/KSC<br><br>(Antitrust)<br><br>PLAINTIFF ALOHA SPORTS INC.'S REPLY MEMORANDUM TO DEFENDANT'S MOTION FOR INCREASED ACCOUNTING OF COSTS AND FEES; CERTIFICATE OF SERVICE |

# PLAINTIFF ALOHA SPORTS INC.'S REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S ACCOUNTING OF COSTS AND FEES

Plaintiff ALOHA SPORTS INC. ("Plaintiff" or "ASI") respectfully submits this memorandum to the Court in response to Defendant National Collegiate Athletic Association's ("NCAA") accounting of attorneys' fees dated August 2, 2006.

## I. ASI Agrees to Stipulate that all Discovery Materials Assembled to Date May Be Used in Any Subsequent Proceeding Between the Parties.

As ASI stated in its original opposition memorandum filed with this Court on July 27, 2006, ASI agrees to the Court's conditions of dismissal. (ASI Opp. at 1.) ASI's only objection is to the unreasonable amount of fees sought by the NCAA. ASI is willing to stipulate that all discovery materials assembled to date can be used in any subsequent proceeding between the parties. In fact, ASI raised this point in its motion for dismissal to show that NCAA would not be prejudiced by the dismissal.

## II. The NCAA's Sought Increase in Attorneys' Fees Should Be Rejected.

On July 19, 2006, the NCAA submitted its time and cost records to ASI. After the parties were unable to resolve the matter informally, on July 27, 2006, ASI filed its opposition to the NCAA's original accounting. Not until after ASI has filed its opposition did the NCAA formulate a new accounting at substantially

increased rates, which rates are now reflected in the NCAA's August 2, 2006 filing. For example, the billing rate of lead trial counsel, Mr. Curtner, is suddenly $540 an hour, as opposed to an already high $485 an hour just two weeks earlier (an 11% increase). The hourly rate for Ms. Kaur, a third-year associate, is now a startling $210, no less than a 27% increase from her previous hourly rate of $165. ASI objects to this belated re-accounting of the NCAA's attorneys' fees, and objects to the rates themselves as excessive based upon the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976).

The NCAA cites to no case involving an award of attorneys' fees with facts similar to those of the instant case. Thus, there is no support for the NCAA's belated argument that the actual rates charged to the NCAA should be ignored, and that the rates the NCAA's attorneys now self-servingly contend they charge other clients should be substituted in their stead. The cases relied on by the NCAA are distinguishable, in that they allow an award at the current rate "where appropriate to compensate for the lengthy delay in receiving payment." See Bell v. Clackamas County, 341 F.3d 858, 868 (9th Cir. 2003). Accord, Missouri v. Jenkins by Agyei, 491 U.S. 274, 283 (1989). In awarding attorneys' fees, these cases allow use of

current rates as a surrogate for enhancement to compensate counsel for having to wait a number of years for payment.

That rationale does not apply here. Both motions are very recent. Additionally, because the NCAA is a "valued" and "long-standing" client (NCAA Mem. at 5, 8), it is likely that counsel have already been paid by the NCAA. Therefore, there has been essentially no delay whatsoever in payment to justify the NCAA's sought enhancement.

Even the NCAA itself appears embarrassed by its new $41,812.85 "sticker price," asking at the end of its memorandum that this Court discount its enormous fee request by 10% "for the discount that the two law firms provide to the NCAA." (NCAA Mem. at 19.) Rather than engage in the convoluted approach advocated by the NCAA in calculating the award of attorneys' fees, which would still result in a significant increase over the NCAA's original fee calculation, ASI requests that this Court utilize in its lodestar analysis only the original and actual ("historical") rates submitted by the NCAA.

### III.  NCAA's Accounting is Unreasonable, Excessive, Duplicative and Not Necessarily Incurred.

As ASI thoroughly explained in great detail in its original opposition brief, the NCAA's fee request is unreasonable, excessive, consists of duplicative entries, and the work was not necessarily incurred. Now that the NCAA has increased that

3

request from $35,256.05 to $41,812.85 – a 19% increase – ASI submits that this request is even more outrageous. Essentially, the NCAA is now asking for over $20,000 per motion.

The NCAA disputes that the entries are duplicative, yet it fails to explain why there are two identical entries for Mr. Warheit on 6/18/06 for 3.70 hours for "research[ing] cases and statutes relating to upcoming memo on the resjudicata [sic] effects of a dismissed federal claim brought in state court." In fact, the NCAA offers no explanation for the excessive amount of time spent by Mr. Warheit to complete legal research and to draft a memorandum. (See ASI Mem. at 5.)

The NCAA argues that "so-called 'block-billing' is not prohibited." (NCAA Mem. at 18.) Yet it fails to explain how block-billing can be justified in light of L.R. Rule 54.3(d)'s requirement that the "description of the work performed by each attorney and paralegal [be] broken down by hours or fractions thereof **expended on each task.**" (Bold emphasis added.)

Nor does the NCAA explain how Ms. Kaur's block entry for 4/10/06 that includes "editing summary judgment brief" constitutes fees "incurred by the NCAA in opposing" ASI's motions for bifurcation and for voluntary dismissal. See "Order Provisionally Granting Plaintiff's Motion to Voluntarily Dismiss Its

4

First Cause of Action With Prejudice and Its Remaining Causes of Action Without Prejudice" ("Order") at 14. Moreover, Ms. Kaur's and Mr. Mansfield's block billings for 6/12/06 also include time drafting the NCAA's opposition to the ASI's ex parte motion to shorten time on the hearing on ASI's motion to dismiss. ASI's ex parte motion was granted by this Court, and it is difficult to understand how fees incurred drafting a memorandum in opposition to a motion to shorten time constitutes fees "incurred by the NCAA in opposing" ASI's motion for voluntary dismissal.

The NCAA also has no explanation for the fact that 31 of its 76 total attorneys' time entries, or 41% of total entries, are in increments of 1 hour or whole number multiples thereof.

Nor does the NCAA justify its accounting under the Kerr factors. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). Counsel for the NCAA participated in one telephonic hearing and filed two briefs (one at 11 pages, the other 14 pages). The NCAA's oppositions to the bifurcation and dismissal motions were straightforward matters which required minimal time and labor, as the questions involved no novelty, difficulty, or special skill. ASI urges this Court to reject the NCAA's accounting totaling $42,000 for inefficient use of time and bloated time entries (185.05 hours).

5

ASI directs the Court's attention to Budget Rent-a-Car System, Inc. v. Consolidated Equity LLC, 428 F.3d 717 (7th Cir. 2005), in which Judge Posner denied a request for attorneys' fees in its entirety because the amount was unreasonably inflated. "A number of cases . . . authorize the denial of an otherwise warranted request for an award of fees because the request is for an exorbitant amount." Id. at 718; see also cases cited therein. There, the court found that $4,626.50 (3.3 partner hours at $425 per hour and 10.4 associate hours) for a four-page memo was "exorbitant." Id.

## IV. CONCLUSION

For the foregoing reasons as well as those submitted in ASI's previous opposition brief, ASI respectfully requests that the NCAA's fee request be substantially reduced to a reasonable amount or denied outright for being "grossly excessive."

DATED: August 11, 2006  
          Honolulu, Hawaii

BLECHER & COLLINS, P.C.  
MAXWELL M. BLECHER  
DAVID W. KESSELMAN  
COURTNEY A. PALKO

FREDERICK W ROHLFING III, A LIMITED LIABILITY LAW COMPANY  
FREDERICK W. ROHLFING III

_/s/ Frederick W. Rohlfing III_  
FREDERICK W. ROHLFING III  
Attorneys for Plaintiff Aloha Sports Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | CIVIL NO. CV04-00204 DAE/KSC (Antitrust)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon the following persons by way of mailing a copy, to their last known address on the date of filing:

> WILLIAM C. McCORRISTON, ESQ.
> KENNETH J. MANSFIELD, ESQ.
> McCORRISTON MILLER MUKAI MacKINNON LLP
> Five Waterfront Plaza, 4th Floor
> 500 Ala Moana Boulevard
> Honolulu, Hawaii 96803
>
> Attorneys for Defendant
> THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
>
> and

GREGORY L. CURTNER, ESQ.
ROBERT J. WIERENGA, ESQ.
ATLEEN KAUR, ESQ.
MILLER CANNFIELD PADDOCK AND STONE, PLC
101 N. Main Street, 7th Floor
Ann Arbor, MI 48104

Attorneys for Defendant
THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

DATED: Honolulu, Hawaii; August 11, 2006

        BLECHER & COLLINS, P.C.
        MAXWELL M. BLECHER
        DAVID W. KESSELMAN
        COURTNEY A. PALKO

        FREDERICK W. ROHLFING III
        A LIMITED LIABILITY LAW COMPANY

        _____
        FREDERICK W. ROHLFING III

        Attorneys for Plaintiff Aloha Sports Inc.