IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA SPORTS, INC., a Hawaii corporation, | ) CIVIL NO. 04-00204 DAE-KSC ) |
| | ) FINDINGS AND |
| Plaintiff, | ) RECOMMENDATION REGARDING ) ATTORNEYS' FEES AND COSTS |
| vs. | ) ) ) ) |
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association, | ) ) ) ) |
| Defendant. | ) ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION REGARDING
<u>ATTORNEYS' FEES AND COSTS</u>

On July 5, 2006, United States District Judge David Alan Ezra issued an Order Provisionally Granting Plaintiff's Motion to Voluntarily Dismiss Its First Cause of Action With Prejudice and Its Remaining Causes of Action Without Prejudice ("July 5, 2006 Order"). Judge Ezra found that the following expenses were reimbursable as a condition of permitting Plaintiff

Aloha Sports Inc. ("Plaintiff") to dismiss its state law claims without prejudice: (1) costs and attorneys' fees incurred by Defendant the National Collegiate Athletic Association ("Defendant") in opposing Plaintiff's motion to bifurcate or in the alternative to extend the discovery deadline; and (2) costs and attorneys' fees incurred by Defendant in opposing Plaintiff's Motion to Voluntarily Dismiss its First Cause of Action (Violation of Sherman Act Section 1) With Prejudice and its Remaining Claims Without Prejudice.  July 5, 2006 Order at 14.

Before the Court is a dispute between the parties regarding the amount of attorneys' fees which are reimbursable pursuant to Judge Ezra's July 5, 2006 Order.  On July 27, 2006, Plaintiff filed a Memorandum in Opposition to Defendant's Accounting of Costs and Fees Reimbursable Under Judge Ezra's July 5, 2006 Order ("Opposition").  On August 2, 2006, Defendant filed a Memorandum in Support of its Accounting of Costs and Fees Under Judge Ezra's July 5, 2006 Order ("Memorandum in Support").  On August 3, 2006, Defendant filed a

2

Supplemental Declaration of Atleen Kaur in support of
its Memorandum filed August 2, 2006.  On August 11,
2006, Plaintiff filed a reply memorandum ("Reply").

This matter was designated to this Court by
Judge Ezra on August 16, 2006.  Pursuant to Local Rule
7.2(d) of the Local Rules for the United States
District Court for the District of Hawaii ("Local
Rules"), the Court finds this matter suitable for
disposition without a hearing.  After careful
consideration of the Motion, the supporting and
opposing memoranda and the record herein, the Court
FINDS and RECOMMENDS that Defendant be awarded
$26,280.79 in attorneys' fees and costs pursuant to
Judge Ezra's July 5, 2006 Order.

Defendant initially requested $35,002.85 in
attorneys' fees and costs from Plaintiff.  In
Defendant's Memorandum in Support, Defendant then
requested $41,812.85 in attorneys' fees less a ten (10)
percent discount to reflect defense counsel's current
rates.  Plaintiff objects to Defendant's accounting of
costs and fees as being unreasonable, excessive, not

3

necessarily incurred, and duplicative.  In particular, Plaintiff argues that "[a] significant portion of counsels' time descriptions are too vague to be analyzed, are duplicative, demonstrate inefficient use of time, and, therefore, are unsubstantiated." Opposition at 3.  Plaintiff additionally objects to Defendant's new accounting reflecting counsel's current rates.  Accordingly, Plaintiff requests that defense counsel's fee be reduced to $22,415.18 or less.

Defendant submits that its attorneys' fees are reasonable in light of the work performed.  In addition, Defendant argues that it had already charged a reduced rate from its counsel's current rates charged to other clients for new matters.  Applying the current rates charged, Defendant submits that the total amount of attorneys' fees and costs owed by Plaintiff is $41,812.85, less the ten (10) percent discount provided to Defendant.

A determination of reasonable attorneys' fees typically begins with the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S.

4

424, 433 (1983).  The Supreme Court instructs that the most useful starting point to determine a reasonable fee is "the number of hours reasonably expended multiplied by a reasonable hourly rate."  Id.

"After making this computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors[1] that are not already subsumed in the initial lodestar calculation[2]." Morales v. City

_____

[1]  The Kerr factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5)the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975); cert. denied, 425 U.S. 951 (1976).

[2]  The subsumed factors are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation...(4) the results obtained," Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

of San Rafael, 96 F.3d 359, 363-64 (9th Cir.
1996)(citations omitted).  There is a strong
presumption that the lodestar represents a reasonable
fee and it should only be adjusted in rare instances.
Id. (citation omitted).

A.  Reasonable Hourly Rate

A reasonable hourly rate is "calculated
according to the prevailing market rates in the
relevant community." Blum v. Stenson, 465 U.S. 886,
895 (1984).  In determining a reasonable hourly rate,
the district court must consider "'the experience,
skill, and reputation of the attorney requesting
fees.'" D'Emanuele v. Montgomery Ward & Co., Inc., 904
F.2d 1379, 1384 (9th Cir. 1990) (quoting Chalmers v.
City of Los Angeles, 796 F.2d 1205, 1210 (9th
Cir.1986), amended, 808 F.2d 1373 (9th Cir. 1987)).  In
light of these factors, the rate should reflect "the
prevailing market rate in the community." Id.
Further, the fee applicant "has the burden of producing
satisfactory evidence, in addition to the affidavits of

its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services. <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).  If the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation, it is deemed to be reasonable.

In Defendant's Memorandum in Support, Defendant fails to clearly identify the hourly rates for each of the attorneys who worked on the case.  In addition, Defendant fails to provide any information to support the hourly rates of Attorneys Mansfield, McCorriston, Curtner, Cotter[3] and Warheit.  Rather, Defendant merely asserts that counsel's rates are reasonable and that they are entitled to recover fees based on the higher rates counsel currently charge.  After reviewing the time entries submitted by Defendant, the Court finds

---

[3]It is unclear from Defendant's submissions whether Victoria S. Cotter is an attorney or a paralegal. While she is listed as a "lawyer" in Defendant's spreadsheet, the hourly rate of $65/hour is more on par with the hourly rates charged by paralegals.

that the following rates were initially charged by
Defendant's counsel:  $165/hour for Attorney Atleen
Kaur; $165/hour for Attorney Ken Mansfield; $485/hour
for Attorney Gregory Curtner; $165/hour for Attorney W.
McCorriston; $65/hour for Victoria S. Cotter; and
$140/hour for Attorney Scott A. Warheit.  The current
rates Defendant's counsel now seek are as follows:
$210/hour for Attorney Atleen Kaur; $225/hour for
Attorney Ken Mansfield; $400/hour for Attorney W.
McCorriston; $65/hour for Victoria D. Cotter; $540/hour
for Attorney Gregory Curtner; and $140/hour for
Attorney Scott A. Warheit.

     Having considered the information presented to
the Court in the Declaration of Atleen Kaur, the Court
finds that Defendant's counsel have not provided
sufficient information for the Court to determine the
reasonableness of the revised hourly rates requested.
However, the Court finds that the original hourly rates
charged by Attorneys Kaur, Mansfield, McCorriston,
Curtner, Cotter and Warheit are objectively reasonable

and in accordance with prevailing rates in the
community for similar services.  Accordingly, the Court
will apply an hourly rate of $165/hour for Attorney
Atleen Kaur; $165/hour for Attorney Ken Mansfield;
$485/hour for Gregory Curtner; $165/hour for Attorney
W. McCorriston; $65/hour for Victoria S. Cotter; and
$140/hour for Attorney Scott A. Warheit.

B.   Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a
party seeking attorneys' fees must demonstrate that the
fees and costs taxed are reasonably necessary to
achieve the results obtained.  See Tirona v. State Farm
Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw.
1993).  The court must guard against awarding fees and
costs which are excessive, and must assess the extent
to which fees and costs are self-imposed and could have
been avoided.  See id. at 637 (citing INVST Fin. Group
v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir.
1987), cert. denied, 484 U.S. 927 (1987)).

The court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)(citation omitted); see also Gates, 987 F.2d at 1399.  Time expended on work deemed "excessive" shall not be compensated.  See id.

In determining a reasonable number of hours, the court may, in its discretion, exclude hours that are excessive or duplicative.  See Hensley, 461 U.S. at 434.  A reduction in hours is appropriate where counsel's billing records indicate substantial duplication of effort or inefficiency.  See id. ("Counsel . . . should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."); see also Schwarz v. Sec'y of Human Services, 73 F.3d 895, 909 (9th Cir. 1995) (affirming district court's reduction of fees due to excessive hours claimed by counsel).

In addition, a court may reduce the number of hours where counsel has provided inadequate documentation. <u>Doe v. Keala</u>, 361 F. Supp. 2d 1171, 1184 (D. Haw. 2005)(citations omitted).  "Counsel should, at the very least, 'identify the general subject matter of his time expenditures.'" <u>Id.</u> (quoting <u>Hensley</u>, 461 U.S. at 437 n. 12)).

Finally, the party seeking the fee bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  <u>Gates</u>, 987 F.2d at 1397-98 (citing <u>Blum</u>, 465 U.S. at 892 n.5); <u>see</u> <u>also</u> <u>Hensley</u>, 461 U.S. at 433.

After a review of the time entries submitted by Defendant's counsel, the Court finds that numerous time entries contain inadequate descriptions of the work

11

performed and/or are excessive.  Moreover, many of the

time entries are "block entries" and do not comply with

Local Rule 54.3(d)'s requirement that the "description

of the work performed by each attorney and paralegal

[be] broken down by hours or fractions thereof expended

on each task."  L.R. 54.3(d).  For example, the Court

finds that Attorney Kaur's time entry on June 14, 2006,

in which she spent seven (7) hours researching and

analyzing case law on supplemental jurisdiction is

excessive and does not contain sufficient detail.[4]

Similarly, the Court finds that Attorney Warheit's time

entry on June 22, 2006 in which he spent 6.4 hours

researching and reading cases, statutes and articles in

preparation for a memorandum on the effect of the

statute of limitations in a state antitrust case is

excessive and contains an inadequate description.

Consequently, the Court finds that the initial

---

[4] While Attorney Kaur provides some additional
detail regarding this time entry in her Declaration,
the Court nevertheless finds the description vague and
inadequate, and the number of hours spent on the tasks
listed to be excessive.

attorneys' fees award sought by Defendant of $35,888.25 should be reduced by twenty-five (25) percent. Accordingly, the Court FINDS and RECOMMENDS that Defendant be awarded a total of $26,166.19 in attorneys' fees.

## C. Costs

Defendant requests $114.60 in costs comprised of photocopying expenses incurred related to the Motion to Bifurcate and the Motion to Dismiss.  Plaintiff does not oppose these costs.  Consequently, the Court FINDS and RECOMMENDS that Defendant be awarded $114.60 in costs.

## CONCLUSION

After careful consideration of the supporting and opposing memoranda and the record herein, the Court FINDS and RECOMMENDS that Defendant be awarded attorneys' fees in the amount of $26,166.19 and costs in the amount of $114.60 for a total award of $26,280.79.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 23, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 04-00204 DAE-KSC. ALOHA SPORTS INC., a Hawaii corporation vs. THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association; FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES AND COSTS